*E. M. Johnson,* for the plaintiff.

*W. G. Russell & J. Fox,* for the defendants.

---

## COMMONWEALTH *vs.* MAUD RUISSEAU & another.

Suffolk.   January 4, 1886.   C. ALLEN & GARDNER, JJ., absent.

No exception lies to the refusal of the Superior Court to grant a new trial in a criminal case, where the new trial is asked for on the ground that the verdict is against the weight of the evidence, and on the ground of newly discovered evidence.

If a motion for a new trial in a criminal case is overruled, the court is not required to hear another motion based upon the same grounds and supported by the same evidence.

If an indictment for adultery contains three counts, each charging a distinct offence, there is no repugnancy or inconsistency in a verdict convicting on one count and acquitting on the others.

INDICTMENT, against Maud Ruisseau and Lyman S. Eaton, in three counts, for adultery. The first count alleged the offence

to have been committed on September 24, 1885. Each of the other counts alleged a distinct offence, on May 24, 1885, and on January 24, 1885, respectively. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence that Mrs. Ruisseau was the wife of a man other than the co-defendant.

The only evidence submitted to the jury as tending to indicate a specific act, or time, or occasion, of an adulterous connection, was the testimony of one Dooley, that, on September 20, 1885, Eaton occupied the bedchamber of Mrs. Ruisseau during the night, departing at nine o'clock the following morning, the witness remaining on the watch in the adjoining room. There was other testimony on both sides as to the nature and extent of the acquaintance and friendship of the defendants, and their intimacy and the character of their relations to each other during more than a year prior to the date of the indictment; other than this there was no evidence of the general fact of adultery bearing on one count more than another, and no special evidence was given at the trial bearing on or in support of either count in particular. There was testimony as to the conduct of the parties on the night of September 26, 1885, but it was expressly disclaimed by the government that any act of adultery was then committed.

The judge instructed the jury, that, if they found the defendants guilty of the crime of adultery, it should be on the first count, and that they should render a verdict of not guilty on the other counts. The jury returned a verdict of guilty on the first count, and of not guilty on the other two counts. No questions at the rendering of the verdict were asked by the judge as to their finding, and none were suggested by the defendants, and no exceptions were taken to any instructions given by the court.

After the verdict, a motion for a new trial was made, on the grounds that the verdict was against the weight of the evidence, and of newly discovered evidence. This motion was supported by affidavits. The motion was overruled after a full hearing. The defendants' counsel then asked the judge to state the grounds of the overruling.

The judge replied, that there was no occasion to deliver an opinion, and added the remark, that it was obvious that the affidavits did not conform to some of the rules of law in such cases; and in reply to the inquiry of counsel what rule of law was referred to, the judge declined to make any further statement.

The defendants then filed a motion for a new trial, purporting to be under the Pub. Sts. *c.* 214, § 28, on the ground that the testimony of Dooley was utterly false. No new affidavits were filed. The counsel prayed a hearing thereupon. The judge disallowed the motion for a hearing, .and overruled the motion for a new trial.

A motion in arrest of judgment was then filed, on the ground that the verdict was repugnant, presenting two acquittals and one conviction of a single offence of adultery. The counsel for the defendants objected that, on the above stated facts of the case, the verdict was ambiguous and repugnant, and that no sentence could legally be imposed. The motion and objection were overruled.

To the above decisions and overrulings of motions for a new trial, and in arrest of judgment, and objections to the sentencing on the verdict, the defendants alleged exceptions.

*C. H. Hudson & P. J. Casey,* for the defendants.

*E. J. Sherman,* Attorney General, for the Commonwealth.

BY THE COURT. The defendants, having been convicted on the first count of the indictment, filed a motion for a new trial upon the grounds that the verdict was against the weight of the evidence, and of newly discovered evidence. This motion was addressed to the discretion of the presiding justice of the Superior Court, and his action overruling the motion cannot be revised by this court.

Having overruled one motion for a new trial, the court was not required to hear another motion based upon the same grounds and supported by the same evidence. No exception lies to its order overruling the second motion.

The indictment contains three counts, charging three distinct offences. There is nothing repugnant or inconsistent in convicting upon the first count and acquitting on the other counts. The motion in arrest of judgment was properly overruled.

*Exceptions overruled.*