## WAUCANTUCK MILLS *vs.* MAGEE CARPET COMPANY.

Worcester. September 5, 1916. — September 13, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Practice, Civil,* New trial.

There is no objection in law to the granting of a rehearing of a motion for a new trial after it has been denied, if the case has not gone to judgment.

A trial judge in the exercise of his discretion may grant a rehearing of a motion

for a new trial after he has denied the motion, even although there was no mistake in the first hearing and the judge merely has reached a different conclusion on more mature reflection. He has the power to reconsider his decision on the same facts.

Where at the trial of an action of contract there was no dispute in regard to the amount of damages and the counsel on both sides in their arguments and the judge in his charge in effect told the jury that, if a verdict should be returned for the plaintiff, it should be in the sum of $1,200, and thereupon the jury returned a verdict for the plaintiff in the sum of $204.37, the presiding judge granted a motion for a new trial on the ground that the damages awarded in the verdict were inadequate and stated in his memorandum of decision, "No other ground was discussed or considered, and it appears to the court that the verdict was clearly a compromise verdict, and the whole case should be retried." *Held,* that the setting aside of the verdict as a whole and ordering a new trial of all issues was warranted, and that the case was not one where under St. 1911, c. 501, "the new trial shall be limited to the question of the amount of damages."

Rugg, C. J.   The only question presented on this record is whether the motion for a new trial was granted lawfully by the Superior Court judge.*

The action is in contract. The only issue contested before the jury was the liability of the defendant. Opposing counsel agreed in their arguments at the trial and the judge charged the jury in effect that there was no dispute as to damages, and that, if a verdict were returned for the plaintiff, it should be for the sum of $1,200. A verdict was rendered for $204.37. A motion for a new trial was filed seasonably, alleging five grounds of error, the last of which was that the damages awarded were inadequate. The motion was overruled. Within two weeks thereafter the plaintiff moved in writing for a rehearing of the motion. A rehearing was had and the motion then was allowed and a new trial granted. Later the judge filed a statement which became a part of the record, of the following tenor: "The motion was allowed on the fifth ground alleged.† No other ground was discussed or considered, and it appears to the court that the verdict was clearly a compromise verdict, and the whole case should be retried." St. 1911, c. 501.

No excess of jurisdiction appears. The action of the judge was within his power. The verdict seems to have been erroneous,

---

* *Raymond,* J.

† The fifth ground alleged was as follows: "5th. That the damages awarded in said verdict are inadequate."

contrary to the concession of all counsel, and to the instructions of the court, and without support in the evidence.  Of course a motion for the rehearing of a motion for a new trial has no standing as matter of right.  *Commonwealth* v. *Ruisseau,* 140 Mass. 363.  But there is no objection in law to its consideration, if the case has not gone to judgment.  It may call to the judge's attention some decisive fact absent from his mind at the moment of making the original entry.  It may effect the correction of a mistake or the avoidance of an inadvertence.  The power of a court is ample to correct its records so as to make them conform to the facts and to express the decision really intended to be made.  *Karrick* v. *Wetmore,* 210 Mass. 578.  *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 386–388.  *Farris* v. *St. Paul's Baptist Church,* 220 Mass. 356.  In view of the palpable error in the verdict of the jury, the earlier entry of an order denying the motion for a new trial well may have been through mistake.

But even if there was no mistake and the final conclusion of the judge was reached simply through more mature reflection and more careful consideration, there is no error of law.  The court has power to reconsider its decision on the same facts, although this is a power rarely exercised.  *McKinley* v. *Warren,* 218 Mass. 310.  *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 388.  *Riggs* v. *Pursell,* 74 N. Y. 370, 379.  *Thompson* v. *Connecticut Mutual Life Ins. Co.* 139 Ind. 325, 355, 356.

The setting aside of the verdict as a whole and ordering an entire retrial was quite warranted.  This was a case where it seems manifest that the error as to damages tainted the verdict as an entirety and required a complete new trial.  *Tildsley* v. *Boston Elevated Railway,* 224 Mass. 117.  It was said in *Simmons* v. *Fish,* 210 Mass. 563, 570: "It is only in exceptional and extremely rare instances that the inadequacy of damages will not be so interwoven with liability that justice can be done without a new trial upon the whole case."  It is hard to conceive of such a case.  It is only when the reason for setting aside the verdict relates solely to damages dissociated from every other contributing, related or vitiating cause that "the new trial shall be limited to the question of the amount of damages."  St. 1911, c. 501.  Only by acting on this rule can justice be accomplished.  See *Opinion of the Justices,* 207 Mass. 606.  Indeed, it recently has

been said that the granting of "partial new trials" is a "practice . . . not to be commended." *Norfolk Southern Railroad* v. *Ferebee,* 238 U. S. 269, 274.

*Order granting new trial to stand.*

The case was submitted on briefs.

*M. M. Taylor, M. C. Taylor & G. C. Douglass,* for the defendant.

*F. P. Brady,* for the plaintiff.