JULIUS J. COHEN *vs.* KATE LEVY & another.

Suffolk.    November 22, 1917. — November 23, 1917.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Costs, Memorandum of decision.

Nothing is better settled than the rule that in a suit in equity the awarding of
costs rests in the sound discretion of the trial judge.

Where in a suit in equity the trial judge before making a decree dismissing the bill
filed a memorandum of decision, in which he ordered that costs should be
awarded to the defendants, and, after a subsequent hearing, revoked this
order for costs and ordered the entry of a decree dismissing the bill without
costs, it was *held* that there was nothing in the action of the judge to indicate
an abuse of discretion.

BILL IN EQUITY, filed in the Superior Court on January 16,
1914, seeking to apply to the payment of an alleged debt of
$160.15 for goods sold and delivered by the plaintiff to the defend-
ant Levy certain stock in trade and fixtures alleged to have been
mortgaged by the defendant Levy to the defendant Harry L.
Lurie in fraud of the creditors of the defendant Levy.

On motion of the plaintiff the bill was allowed to be amended
by adding as a defendant Yetta Lurie, the wife of Harry L. Lurie,
alleged to be the owner of the stock in trade and fixtures under a
foreclosure sale of the mortgage alleged to have been made fraudu-
lently by the defendant Levy.

The case first was heard by *Wait,* J., who made a decree, which
was reversed by this court in a decision reported in 221 Mass.

336, on the ground that Yetta Lurie, although ordered to be made a party defendant, had not been made one either by the service of a subpoena or by a voluntary appearance, and that she and one Guttentag, a constable who held the proceeds of the foreclosure sale, were necessary parties and ought to be joined as defendants.

After the issuing of the rescript in accordance with that decision the plaintiff was allowed on June 4, 1915, to amend his bill by filing a supplemental bill in which Yetta Lurie and Guttentag were joined as additional defendants, and they appeared and filed answers to which the plaintiff filed a replication.

The case was heard by *Lawton,* J., who filed a memorandum of decision, which concluded as follows: " I am not satisfied that the defendant Katie Levy made the mortgage with intent and purpose to defraud her creditors; still less am I satisfied that that purpose, if it did exist, was known to, or participated in, by the defendant Harry Lurie or the defendant Yetta Lurie. In each case [the other case referred to being a suit by other plaintiffs against the same defendants], the bill is ordered to be dismissed with costs."

Later, after a hearing upon a motion for a final decree, the judge made the following supplemental memorandum:

"After memorandum and upon hearing on the form of the final decree, the plaintiff objects to the allowance of costs and moves that the bill be dismissed .only as to the defendants other than Kate Levy, and that he be allowed to amend his bill as against her into an action at law.

"The order for costs contained in the memorandum is vacated, the motion for leave to amend is denied, and there is to be a final decree dismissing the bill without costs and without prejudice to the right of the plaintiff to bring an action at common law against the defendant Kate Levy."

By order of the judge a final decree was entered " that the bill be dismissed without costs." The defendants appealed.

*M. H. Steuer,* for the defendants.

*W. Charak,* for the plaintiff, submitted a brief.

BY THE COURT. This is an appeal by the defendants from a decree dismissing without costs a suit in equity. It is of no consequence that previous to the entry of the decree there had been

an intimation by the trial judge that costs would be awarded to the defendants. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, 33. Scarcely anything is better settled than that in equity costs rest in sound judicial discretion. There is nothing to indicate an abuse of discretion.

*Decree affirmed with costs of this appeal.*