CATHERINE M. BARRY & another *vs.* ALTON RUBBER COMPANY.

Suffolk.    November 14, 1930. — January 5, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* New trial.

There was a finding for the plaintiff at the trial of an action in a municipal court, at which the defendant presented no requests for rulings. A motion by the defendant for a new trial was denied. The next day the defendant filed a second motion for a new trial "to prevent a possible failure of justice." At the hearing of the second motion he presented sundry requests for rulings concerning matters which he could have raised at the trial. The judge heard the second motion *de bene* and then declined to entertain either it or the requests for rulings. *Held,* that

(1) The hearing *de bene* of the second motion was not the exercise of judicial discretion in favor of entertaining it;

(2) No error appeared.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 25, 1928.

At the trial in the Municipal Court, there was a finding for the plaintiffs in the sum of $3,000.     Proceedings with reference to motions by the defendant for a new trial are described in the opinion.  The trial judge reported his denial of the second motion to the Appellate Division. The report was ordered dismissed and the defendant appealed.

The case was submitted on briefs.

*J. Riceman,* for the defendant.

*A. M. McDonough,* for the plaintiffs.

RUGG, C.J.  No requests for rulings were presented at the hearing on the merits of this action of contract.  It was decided in favor of the plaintiff on April 3, 1929.  The defendant seasonably filed a motion for a new trial, which was heard and denied on September 18, 1929.  On the following day a second motion for a new trial was filed, the only ground alleged being "to prevent a possible failure of justice."  The judge heard both parties *de bene* on this second motion and received *de bene* numerous requests for rulings, which he thereafter declined to entertain or act upon.  He later declined to entertain the second motion for new trial and at the request of the defendant reported the correctness of this ruling to the Appellate Division.

The hearing *de bene* of the second motion was not the exercise of judicial discretion in favor of entertaining the motion.  The entire subject was left open for such final judicial action as seemed wise.  *Clarke* v. *Fall River,* 219 Mass. 580, 586.

It is apparent from the frame of the second motion and the tenor of the requests for rulings that the attempt of the defendant was to present anew on this second motion questions which as matter of right could be presented only at the trial on the merits.  That cannot be done as of right.  *Energy Electric Co., petitioner,* 262 Mass. 534, 538, and cases cited.

The defendant had presented one motion for a new trial, which had been fully heard and decided.  The second motion discloses nothing requiring judicial action.  If

it be assumed that under appropriate conditions a second motion of this nature may be considered by the court, there is nothing on the record to indicate error in the refusal to entertain it in the case at bar.  *Commonwealth* v. *Ruisseau,* 140 Mass. 363, 365.  *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, 33.  *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496, 497.  See *Clark* v. *McNeil,* 246 Mass. 250, 256, 257.

*Order dismissing report affirmed.*