JOHN A. HAYES *vs.* JAMES M. HURLEY & others.

Suffolk.  February 5, 1935. — September 13, 1935.

Present: RUGG, C.J., PIERCE, FIELD, & QUA, JJ.

*Civil Service.  Mandamus.  Veteran.  Words, "May."*

A so called appeal by an applicant for a position in the civil service from a vote by the commissioners that he was not qualified physically had no procedural standing, but was merely a request that the commissioners in their discretion consider anew the question of his physical qualifications.

Mandamus did not lie to compel the commissioners of civil service to revoke the certification in good faith, after written and physical examination, of three candidates for employment as insurance attorney, and the appointment of the first of them by the insurance commissioner, upon petition for the writ by one who had passed fourth in the same written examination but was voted disqualified on the physical examination, though before the appointment of the other the petitioner had been voted physically qualified and his name had been placed on the eligible list, and though as a disabled veteran he claimed preference over all the other candidates.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on August 10, 1934.

The case was heard by *Donahue*, J.

*A. S. Allen*, for the petitioner.

*C. F. Lovejoy*, Assistant Attorney General, for the respondents Hurley and others.

*E. A. Counihan, Jr.*, for the respondent Curry.

RUGG, C.J.   This is a petition for a writ of mandamus brought against James M. Hurley, the commissioner of civil service, and his two associates, Merton L. Brown, the commissioner of insurance, and James E. Curry, whose name was among the three names certified by the commis-

sioner of civil service to the commissioner of insurance and who by the latter upon such certification was appointed to the position of insurance attorney. The prayers of the petition are that the certification of names be revoked, that a new certification of names be made including the name of the petitioner and that the appointment of Curry be revoked. The case was heard upon the petition, the answers and an agreed statement of facts, by a single justice who found that there was no bad faith on the part of any of the respondents, denied the petition as matter of law, and at the request of the petitioner, reported the case for the determination of the full court.

The petitioner is conceded to be a disabled veteran, having suffered the amputation of his left leg by reason of service in the Great War; the respondent Curry is a veteran but not disabled. G. L. (Ter. Ed.) c. 31, § 23. The other facts, all of which occurred in 1934, so far as material are as follows: On March 10 a written examination for the position of insurance attorney was held. The announcement for this examination stated that the physical fitness was to be determined by physical examination. The petitioner and others passed this written examination. Curry received the highest mark and the petitioner stood fourth. On April 24, the several applicants underwent a physical examination conducted by the civil service commissioners which was ordered under Rule 11 (1) of the Civil Service Rules providing that that board may order such examination if in its opinion physical qualifications are necessary or desirable for any particular office or position. On May 9 the civil service commissioners voted to disqualify the petitioner because of physical disabilities. On June 5 the petitioner received a notice that he had failed to pass the physical examination because of the amputation of his left leg and that therefore his name could not be placed on the eligible list. On the same day the petitioner filed an appeal, so called, from the decision disqualifying him because of his failure to pass the physical examination on the ground that his disability did not impair the efficient performance of his duties in the position sought. On June 6 the respond-

ent Hurley certified from the eligible list to the commissioner of insurance the names of the three men standing highest on the list, the name of Curry being first, and the name of the petitioner not being included. On June 13 the petitioner had a hearing before the civil service commissioners, as a result of which they voted to allow him to pass the physical examination held on April 24 and to grant him the preference of a disabled veteran in connection with the examination for insurance attorney. On June 14 notice of this action was sent to the petitioner. On June 20, being the last day on which appointment to the office of insurance attorney could be made under the certification of June 6, the insurance commissioner appointed Curry to that office. On June 21 formal notice was sent to the petitioner by the respondent Hurley that his name had been placed upon the eligible list for appointment as insurance attorney. On that date the petitioner learned of the appointment of Curry. On June 22 the petitioner requested the respondent Hurley to revoke the certification of the three names previously made and to revoke the appointment of Curry. This request was refused. From this refusal the petitioner appealed on June 25 to the civil service commissioners and requested that his name be certified to the respondent Brown. On July 3 this appeal was heard and on July 7 the petitioner was notified that the civil service commissioners had voted to make no change in the previous action in the premises. On August 10 the present petition was filed.

The certification of the three names including that of Curry on June 6 was valid. It was in accord with the decision of the civil service commissioners that the petitioner had failed to pass the physical examination. His name therefore could not rightly be placed upon the eligible list. It is of no consequence that the petitioner had filed what is termed an appeal on June 5. That so called appeal is not a recognized step in the procedure. It was merely a request that the question already once decided be considered anew. It had no standing as matter of right. It was addressed wholly to the discretion of the civil serv-

ice commissioners. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, 33. *Barry* v. *Alton Rubber Co.* 274 Mass. 18. There is nothing to indicate that the respondent Hurley knew anything about the filing of this paper when he made the certification. Even if he had known of it, he was not required to delay certification to a requisition. The appointment of Curry by the respondent Brown was valid. It was made under a lawful certification which had not expired or been revoked.

The question is whether as matter of law the respondent Hurley is required by law to revoke the appointment of Curry. It is provided by Rule 13 of the Civil Service Rules that the commissioner "may before or after an appointment has been made cancel a certification, if he finds that the certification was made in error, or that any person certified was placed on the eligible list through mistake or fraud; and, if a person has been appointed from such certification, he may revoke his appointment and order his discharge." There is nothing in this record to indicate that any name was placed on the eligible list through mistake or fraud or that the certification was made in error. The certification was made in accordance with the vote of the civil service commissioners. It does not appear that there was any error on the part of the board. The second vote on this point may have been based on facts not appearing at the first hearing. It may have been based upon renewed consideration and giving weight to factors not thought of moment at the earlier vote. Nothing in the agreed facts necessarily implies that the earlier vote was regarded as having been mistakenly made. A change of opinion may have resulted from the second hearing without belief that the earlier decision on the facts then presented was erroneous. *Paper Trucking Co.* v. *Russo,* 281 Mass. 209. If it be assumed that the respondent Hurley has the power to revoke the appointment, the rule simply confers that power as an exercise of discretion. That is necessarily implied by the use in the rule of the permissive word "may" and the omission of the imperative word "shall." *Dowling* v. *Board of Assessors,* 268 Mass. 480,

488. That discretion has already been exercised against the petitioner. It is familiar law that the writ of mandamus does not issue to compel a particular decision which rests in the discretion of the respondent. *Crocker* v. *Justices of the Superior Court*, 208 Mass. 162, 164, 165. The respondent Curry has held the office for a considerable period. His appointment is permanent. As already pointed out, it was valid when made. These conditions indicate that removal would naturally be discretionary as stated in the rule. Mandamus does not lie to compel the performance of a discretionary act. *Burke* v. *Metropolitan District Commission*, 262 Mass. 70, 74, 75. It is not set forth in the record that the petitioner had complied with conditions stated in G. L. (Ter. Ed.) c. 31, § 23, as conditions precedent for a disabled veteran to obtain a preference. All these considerations lead to the conclusion that the petitioner is not entitled to prevail in this proceeding.

Although the point has been argued, it becomes unnecessary in view of the grounds upon which this decision rests to pass upon the constitutionality of that part of G. L. (Ter. Ed.) c. 31, § 23, which purports to give to a disabled veteran absolute preference over all other persons including veterans in appointment to office.

*Petition dismissed.*