DENNIS F. SHEEHAN *vs.* COMMISSIONER OF CIVIL SERVICE & others.

Suffolk.   November 12, 1935. — December 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Civil Service.   Veteran.*

In order to obtain a disabled veteran's preference in the civil service, the applicant, though in fact having the required qualifications, must also present to the civil service commissioner the proofs prescribed by G. L. (Ter. Ed.) c. 31, § 23.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on October 2, 1934, and heard by *Lummus*, J.

The case was submitted on briefs.

*J. P. Brennan*, for the petitioner.

*P. A. Dever*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the commissioner of civil service.

CROSBY, J.  This is a petition for a writ of mandamus brought against the commissioner of civil service and others, to compel the respondent commissioner to revise the civil service list in respect to the petitioner's place thereon, to declare vacant the position of inspector of plumbing for the city of Cambridge, and to order the respondent John J. Terry to appoint the petitioner to that position.  The case was heard upon the petition, the answers, and an auditor's report by a single justice, who ordered the petition dismissed as matter of law.  To this order the petitioner excepted.

The material facts as found by the auditor are as follows: The petitioner passed the examinations with a mark of 74.88, and on August 21, 1934, the civil service commissioner certified to the respondent John J. Terry, building inspector of Cambridge, three names for the position covered by the examination, the first being that of John F. Brogan, who received a mark of 74.98, and was appointed to the position; the second name was that of the petitioner; and the third name was James D. McBride, who passed with a mark of 73.38.  All three nominees were veterans of the Great War. None of them claimed to be disabled veterans, except the petitioner, "if upon the facts the court shall find that he did so claim."  The petitioner was wounded in France during the Great War in the line of duty.  As a result of his wound his efficiency in certain industrial pursuits is affected and he receives a pension from the Federal government on account of such physical disability.  No evidence was introduced to prove that the petitioner presented a certificate of a physician, approved by the board as required by G. L. (Ter. Ed.) c. 31, § 23.  His disability is not such as to prevent the efficient performance of the duties of the position for which he applied and is eligible.  No evidence of proof satisfactory to the commissioner was presented, and no evidence of a doctor's report of disability was introduced

except that the petitioner was examined twice by a physician whose report made no mention of any physical disability except missing teeth.   The petitioner was honorably discharged from the United States Army on April 28, 1919, and the enlistment record on the back of the discharge recites "Wounded July 18, 1918, Belleau Woods, France."   The petitioner presented an honorable discharge from active duty in the military service of the United States, and proof that he was at the time of application for appointment disabled in that he presented himself for examination by a doctor engaged by the commissioner who examined his wound and power of grip.   The petitioner, however, did not present a certificate from the adjutant general of the army of the receipt at that time of a pension or compensation from the United States, but in answer to question 10 (d) he replied that he was receiving compensation or pension due to a disability incurred in the line of duty in time of war or insurrection.   He did not present a certificate of a physician approved by the board that he is substantially handicapped for industrial life through injury or illness. He did not present proof, acknowledged by the commissioner, that such handicap was received in the line of duty in the military service of the United States in time of war, nor that it is a continuing disability, though the auditor found "he is so substantially handicapped and that the handicap is a continuing disability."

It was further found by the auditor that the application for the position was made December 18, 1933, and that the petitioner was subsequently examined; that in June, 1934, he failed to pass the physical examination on account of his teeth, but was reëxamined on July 18, 1934, and passed; that in July, 1934, he asked permission of the civil service commissioner to amend his answers to the questionnaire and make statements respecting his disability; and that he was notified by the commissioner on July 16, 1934, that he would not be allowed to amend his answer, which was the answer to question 11 on the application.  This question was as follows: "Have you any defect of sight, hearing, or speech, or any mental or physical disability, inca-

pacity, or infirmity?" His answer was "No." The auditor found that he was given a hearing before the commissioner at once and on July 20, 1934, was notified by the executive secretary of the civil service department that he would not be allowed to amend his application for plumbing inspector relative to disabled veteran's preference. He asked for and was given a hearing before the full board, and on September 14, 1934, he was notified that he would be heard on September 18, 1934; the hearing was held, and on September 19, 1934, he was notified that the full board of commissioners had voted not to allow him to amend his answer to question 11. In the meantime, on August 21, 1934, the certifications above described had been made, and on August 23, 1934, the respondent Terry appointed Brogan to the position, the appointment to take effect September 1, 1934.

The only question before this court for determination is whether the petitioner had complied with the provisions of G. L. (Ter. Ed.) c. 31, § 23, which provides in part as follows: "A disabled veteran shall be appointed and employed in preference to all other persons, including veterans"; ". . . in order to be entitled to the preference provided for disabled veterans by this section, a veteran shall present an honorable discharge or an equivalent release from active duty in the military or naval service of the United States and shall present proof that he is at the time of application for appointment disabled and also proof, by means of the records of the adjutant-general of the army of the United States or of the navy department or marine corps or by means of a certificate of the receipt at that time of a pension or compensation from the United States, that such disability was incurred in the line of duty in such service in time of war or insurrection." A veteran is required under this statute to present to the commissioner of civil service certain other proofs to be entitled to a preference as a disabled veteran. *McCabe* v. *Judge of the District Court,* 277 Mass. 55. It appears from the facts found by the auditor that the petitioner did not present to the commissioner of civil service a certificate from the adjutant

general of the United States of the receipt of a Federal pension; that he did not present to the commissioner a certificate from a physician approved by the board that he is substantially handicapped for industrial life through injury or illness; and that he did not present proof, satisfactory to the commissioner, that such handicap was received in line of duty in time of war, and is a continuing disability. It is apparent that the petitioner failed to furnish the proofs required by the statute, and therefore was not entitled to the preference provided for disabled veterans. *Hayes* v. *Hurley*, 292 Mass. 109.

*Exceptions overruled.*