JOHN F. SMITH *vs.* DIRECTOR OF CIVIL SERVICE & others (and a companion case [1]).

Suffolk. June 2, 1949. — June 22, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Civil Service. Veteran. Waiver. Constitutional Law,* Public employment, Veteran.

After the establishment of a civil service eligible list within the time prescribed by G. L. (Ter. Ed.) c. 31, § 12, as amended, the director may permit one on that list to claim for the first time preference as a disabled veteran and to establish his right to such preference, and may advance his position on the list accordingly.

Failure of an applicant for a position in the civil service to claim and establish his right to preference as a disabled veteran at the time of his original application does not constitute a waiver of such preference.

The provisions of G. L. (Ter. Ed.) c. 31, § 23, as amended, giving disabled veterans who qualify for a civil service position preference in appointment over all other veterans who qualify therefor does not violate art. 6 or art. 7 of the Declaration of Rights of the Massachusetts Constitution or the Fourteenth Amendment to the Federal Constitution.

Two PETITIONS for writs of certiorari, filed in the Superior Court on March 31, 1949.

The cases were reported without decision by *Forte, J.*

---

[1] The companion case is by John H. McMorrow against the same respondents.

In this court the cases were submitted on briefs.

*J. A. DeGuglielmo & L. F. Feloney,* for the petitioners.

*F. E. Kelly,* Attorney General, *H. P. Fielding & E. P. Healy,* Assistant Attorneys General, *& L. E. Ryan,* for the respondents.

WILKINS, J.   These two petitions for writs of certiorari against the director of civil service and the civil service commission raise identical questions as to the preference of disabled veterans. The petitioners Smith and McMorrow are applicants for appointment as police officer and fireman, respectively, of the city of Cambridge.   In each case the parties have agreed that all the facts stated in the respondents' return are correct and are all the material facts, and at their request the judge has reported each case without decision.   G. L. (Ter. Ed.) c. 213, § 1B, as inserted by St. 1939, c. 257, § 1; c. 231, § 111.

On March 22, 1947, the petitioner Smith and other applicants, including one Halliday, one O'Connell, one Linehan, and one McCann, took the examination for police entrance.   On September 22, 1947, there was established an eligible list, on which all five were given the preference as veterans under G. L. (Ter. Ed.) c. 31, § 23, as amended by St. 1939, c. 238, § 30, and were placed respectively in the twenty-third, nineteenth, thirty-fifth, thirty-eighth, and forty-fifth positions.   No one was then placed on the list as a disabled veteran under § 23.   Halliday, O'Connell, and McCann stated in their applications that they were disabled veterans, O'Connell claimed preference as a disabled veteran, O'Connell and McCann stated that they were receiving compensation or pension due to a disability incurred in line of duty in time of war, but no further proof necessary under § 23, as amended, was submitted prior to the establishment of the eligible list.   See *McCabe* v. *Judge of the District Court,* 277 Mass. 55, 58–59; *Sheehan* v. *Commissioner of Civil Service,* 293 Mass. 44, 47–48.   Between November 19, 1948, and January 14, 1949, Halliday, O'Connell, Linehan, and McCann filed amendments to their applications, in which each stated that he was a disabled

veteran, that he claimed preference as such, and that he was receiving compensation or pension from the veterans' administration due to a disability incurred in line of duty in time of war. The respondent director accepted the amendments and permitted these four applicants to submit the necessary proof prescribed in § 23, as amended, and to take physical examinations, which they passed, to determine whether such disability prevented the efficient performance of duty. Between December 8, 1948, and January 31, 1949, these four applicants were given the preference of a disabled veteran, and were placed on the eligible list "ahead of all other veterans on such eligible list in the order of their respective standing." This had the effect of moving O'Connell, Linehan, and McCann above the petitioner Smith on the eligible list. Halliday was already higher than the petitioner Smith. The petitioner Smith appealed to the respondent commission, and after hearing his appeal was dismissed.

The facts in the case brought by the petitioner McMorrow are substantially similar, and need not be recited.

The respondents contend that the petitioners are not parties aggrieved by the action of the respondents. As the results will not be affected, we pass by the point and proceed directly to the merits.

The petitioners' contention that the respondent director could not revise the eligible list is based upon the first sentence of c. 31, § 12, as amended, which first appeared in St. 1945, c. 704, § 1, and reads: "Each list of persons eligible to any position shall be prepared or revised as soon as may be after their respective ratings or standings have been determined by the director by examination or otherwise in accordance with the rules of the commission, but, in case of the determination thereof by a written examination, not later than six months after the date of such examination."

The preference of a disabled veteran was introduced into our statutes by St. 1922, c. 463. It is now found in G. L. (Ter. Ed.) c. 31, § 23, as amended by St. 1939, c. 238, § 30, and reads in part as follows: "The names of veterans who

pass examinations for appointment to any position classified under the civil service shall be placed upon the eligible lists in the order of their respective standing above the names of all other applicants, except that any such veterans who are disabled and who present a certificate of any physician, approved by the director, that their disability is not such as to prevent the efficient performance of the duties of the position to which they are eligible and who shall present proof satisfactory to the director that such disability was received in line of duty in the military or naval service of the United States in time of war or insurrection and is a continuing disability shall be placed ahead of all other veterans on such eligible lists in the order of their respective standing. . . . A disabled veteran shall be appointed and employed in preference to all other persons, including veterans."

When the Legislature enacted the later statute setting a time for the establishment of the eligible list, it presumably was aware of the mandate of the earlier statute respecting the preference to disabled veterans. If reasonably practicable and there is no positive repugnancy, a rational and workable effect must be given to both statutes, to the end that there may be a harmonious and consistent body of legislation. *School Committee of Gloucester* v. *Gloucester, ante,* 209, 212, and cases cited. There appears no reason why the two statutes cannot stand together. The provision of § 23, as amended, establishing the preference to disabled veterans is the expression of a legislative policy which has continued unchanged since 1922. The relatively recent requirement of § 12, as amended, that the eligible list is to be established within six months of the written examination is not to be interpreted as subject to the additional, unexpressed provision that if the establishment of the list be not timely, or if its establishment be timely but it contains errors or fails to conform to other provisions of law, no further action can be taken respecting it. "As to a statute imperative in phrase, it has often been held that where it relates only to the time of performance of a duty

by a public officer and does not go to the essence of the thing to be done, it is only a regulation for the orderly and convenient conduct of public business and not a condition precedent to the validity of the act done." *Cheney* v. *Coughlin,* 201 Mass. 204, 211. *Beckford* v. *Needham,* 199 Mass. 369, 370. *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 70. *Murray* v. *Edes Manuf. Co.* 305 Mass. 311, 313. *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638, 646–647.

After the respective lists in the cases at bar were established within the six months' period, appointments of persons certified from them would continue valid notwithstanding that the disabled veterans later elected to claim preference as such. See *Hayes* v. *Hurley,* 292 Mass. 109. But during the effective period of a list, should a veteran thereon who has not done so previously elect to claim the preference of a disabled veteran, § 12 does not prevent the director thereafter from giving full effect to the legislative policy expressed in § 23. The use of the present tense in one clause of § 23, to the effect that a disabled veteran "shall present proof that he is at the time of application for appointment disabled," is not enough, in view of the legislative purpose, to bring about a contrary conclusion. We perceive no reason why this could not refer to an amended application. If the Legislature intended that the proof required of a disabled veteran must be presented at the time of the original application or not at all, one would expect to find in a statute of this kind some direct expression to that effect. In the cases at bar, it was the duty of the director, as he in fact did, to revise the eligible lists and to place the names of the disabled veterans at the top.

The agreed facts, which are confined to those set forth in the respondents' returns and do not include the allegations of the petitions as such, fall short of what we think we should have in order to draw the inference of a waiver of the preference of a disabled veteran in these cases. See *Conway* v. *McElligott,* 172 Misc. (N. Y.) 774, affirmed 258 App. Div. (N. Y.) 873, affirmed 282 N. Y. 779; *Flaherty* v. *Marsh,*

268 App. Div. (N. Y.) 380, 386. Compare *People* v. *Simonson*, 64 App. Div. (N. Y.) 312.

The remaining question is the constitutionality of that part of G. L. (Ter. Ed.) c. 31, § 23, as amended, which bestows upon disabled veterans a preference superior to that of veterans in being placed upon eligible lists. See *MacCarthy* v. *Director of Civil Service*, 319 Mass. 124, 125. We are not confronted with the question of the constitutionality of that part of § 23 "which purports to give to a disabled veteran absolute preference over all other persons including veterans in appointment to office." See *Hayes* v. *Hurley*, 292 Mass. 109, 113.

The petitioners' argument is based chiefly upon arts. 6 and 7 of the Declaration of Rights. In *Mayor of Lynn* v. *Commissioner of Civil Service*, 269 Mass. 410, the constitutionality of G. L. c. 31, § 23, as it appeared in St. 1922, c. 463, was upheld. This statute was the same as G. L. (Ter. Ed.) c. 31, § 23, before its amendment, in respects not now material, by St. 1939, c. 238, § 30. *Opinion of the Justices*, *post*, 736, 742. The *Lynn* case arose between veterans and a nonveteran, and no question between veterans and disabled veterans was involved. The decision was rested upon the views expressed by the majority of the Justices in *Opinions of the Justices*, 166 Mass. 589, where it is said in substance (page 595) that the Legislature might have thought that an honorably discharged member of the armed services might have such qualities and characteristics that it is for the interests of the Commonwealth to appoint him to certain offices or employments in preference to other male persons either for his own valuable qualifications or for the promotion of patriotism through recognition of the services of veterans. It was pointed out (pages 412–413) that the statute gave no absolute and unconditional preference to veterans, who must establish their qualifications in the same way as all others before they can be considered for preferential certification. See *Younie* v. *Director of Division of Unemployment Compensation*, 306 Mass. 567, 571. Compare *Brown* v. *Russell*, 166 Mass. 14.

The petitioners contend that the disabled veterans' preference exceeds the permissible bounds of legislative power. It is argued that it cannot be said that a disabled veteran is more qualified for public service by his experience than is one not disabled, and that the quality of patriotism is "not enhanced by the situation in which almost nobody, except a disabled veteran, can be appointed to a position in the civil service." We think, however, that it is open to the Legislature to say that, whereas all veterans may be preferred because of their service in uniform, the public interest is served by additionally preferring those who have incurred disability in the course of their service.

The disabled veterans' preference does not contravene § 1 of the Fourteenth Amendment to the Constitution of the United States. *Mayor of Lynn* v. *Commissioner of Civil Service,* 269 Mass. 410, 415. *Gianatasio* v. *Kaplan,* 142 Misc. (N. Y.) 611, affirmed 257 N. Y. 531, appeal dismissed 284 U. S. 595. See *Ricks* v. *Department of State Civil Service,* 200 La. 341, 364–365. No detailed argument has been made that it does.

In each case the entry will be

*Petition dismissed.*