DENNIS MARKS & others[1] vs. DEPARTMENT OF STATE POLICE
& another[2] (and a companion case[3]).

Nos. 07-P-1748 & 08-P-0167.

Suffolk. November 5, 2008. - May 7, 2009.

Present: DUFFLY, SMITH, & KATZMANN, JJ.

*Statute,* Amendment, Retroactive application. *Civil Service,* Promotion, Eligibility list. *State Police. Police,* Promotional examination.

Nothing in an amendment to G. L. c. 4, § 7(43), revising the definition of the term "veteran," demonstrated that the Legislature intended the amendment to be retroactive. [224]

Sergeants in the Department of State Police (department) had vested interests in their particular positions on a promotion eligibility list established under G. L. c. 22C, § 26, given the language of the statute, which did not explicitly permit the colonel of the department to make revisions to eligibility lists; the department's long-standing practice to make promotions in strict rank order from the eligibility lists; and (with regard to one female sergeant) the department's affirmative action plan; thus, a trial court judge correctly granted summary judgment in favor of the female sergeant, who demonstrated prejudice arising from the colonel's improper revision of the list (i.e., that she would have been promoted at the time her position on the list was reached), and correctly granted summary judgment in favor of the department with regard to the other plaintiffs, who did not suffer any such prejudice arising from the improper revision of the list. [224-226]

CIVIL ACTIONS commenced in the Superior Court Department on June 27 and August 5, 2005.

After consolidation, the cases were heard by *Diane M. Kottmyer,* J., on motions for summary judgment.

*Gigi D. Tierney (Susan Forgue Weiner* with her) for Dennis Marks & others.

[1] Jeffrey Joachim, Lorraine Busconi-Cambria, Kerry McHugh, Dermot Moriarty, James Plath, Richard Eubanks, and Steven Delnegro.

[2] Mark Delaney, as colonel and superintendent of the Department of State Police.

[3] Cindy D. Doty *vs.* Department of State Police and Mark Delaney, as colonel and superintendent of the Department of State Police.

*David Hadas*, Assistant Attorney General, for Department of State Police.

SMITH, J. The eight plaintiffs in Marks *vs.* Department of State Police (Marks plaintiffs) are sergeants within the Department of State Police (department) who, after participating in a competitive examination process in 2001, were placed on a promotion eligibility list (2001 list) that made them eligible for promotion to the rank of lieutenant. Similarly, the sole plaintiff in Doty *vs.* Department of State Police, Cindy A. Doty, also a sergeant in the department, participated in the 2001 competitive examination and was placed on the 2001 list that made her eligible for promotion to lieutenant.

The Marks plaintiffs and Doty filed complaints in the Superior Court challenging the decision of the colonel of the department, in 2004, to revise the 2001 list, which resulted in a decrease in all of the plaintiffs' rankings on that list.[4] The plaintiffs sought declaratory and injunctive relief as well as damages. In response, the department maintained that the alteration of the 2001 list was permissible and in any event, none of the plaintiffs had a vested substantial right that was harmed by the revision of the 2001 list.

The parties filed cross motions for summary judgment. After argument on the motions, a judge of the Superior Court ruled that (1) the department had impermissibly altered the 2001 list; (2) the Marks plaintiffs would not have received promotions even if the 2001 list had not been impermissibly altered, because they did not have vested substantive rights that were harmed by the department's actions; and (3) the plaintiff Doty, who would have received a promotion but for the impermissible alteration of the 2001 list, had a vested substantive right that was harmed by the department's actions.

Judgment entered in favor of Doty on her claim and for the department on the claims of the Marks plaintiffs. The department appeals the judgment as to Doty; the Marks plaintiffs appeal the judgment against them.

1. *Facts common to all plaintiffs.* All of the parties agree that there are no genuine issues of material fact. All promotions at the department through the rank of captain are governed by a

---

[4]The cases were consolidated in the trial court, but the appeals were separately docketed in this court.

competitive examination and a ranking process established by G. L. c. 22C, § 26. The statute requires that the candidates for promotion be ranked in accordance with certain criteria, principally their score on a promotional examination.[5] In addition, at the time of the 2001 promotional examination, the statute provided that two points would be added to the score of any candidate who had served in the armed forces during wartime.

The ranking process results in a list which, according to G. L. c. 22C, § 26, must be used by the colonel in making promotions to the position of noncommissioned officer, lieutenant, or captain. The department has a long-standing practice of making promotions in the order in which the candidates are ranked.[6]

Following the application of the criteria prescribed by the statute and after the expiration of the appeal period, Doty was ranked 110 on the 2001 list for promotion to lieutenant. The Marks plaintiffs were ranked 111, 112, 114, 115, 117, 118, 119, and 121 on the 2001 list. Pursuant to G. L. c. 22C, § 26, the department's promotion eligibility lists are to be used to fill vacancies for a period of two years or, after two years have passed, until a new list is established. Between October, 2001, and August, 2004, over one hundred promotions were made from the 2001 list, and by mid-2004, the Marks plaintiffs and Doty were near the top of the list.

---

[5]General Laws c. 22C, § 26, provides in relevant part as follows: "The colonel may promote uniformed members of the state police who are eligible for promotion to the title of . . . lieutenant . . . . All promotions shall be based on the following factors . . . :

"(1) a competitive promotional examination . . . ;

"(2) [stricken]

"(3) longevity . . . ;

"(4) for promotion to a position of a commissioned officer, an oral interview . . . .

". . .

"Any member who is a veteran shall have two points added to his examination score for the purpose of compiling an eligible list for promotion."

[6]In fact, the department's equal opportunity/affirmative action plan, required by G. L. c. 22C, § 23, provides that "as vacancies occur, minority and female employees are appointed according to their order on the eligibility list."

In 2004, the Legislature amended the statutory definition of the term "veteran." See G. L. c. 4, § 7(43), as amended by St. 2004, c. 116, § 1. The amendment expanded the meaning of that term, which had been previously limited to those individuals who had served in the armed forces during wartime, to also include individuals who served in the armed forces during peacetime. Therefore, those latter individuals could have two points added to their promotional examination scores.

After receiving notification from the chief of the Commonwealth's human resources division that the expanded definition of "veteran" would apply to persons on the then-current State civil service lists, the colonel ordered that the 2001 list be revised by adding two points to the promotional examination scores of two individuals on the 2001 list who qualified under the expanded definition (2001 revised list). Those two individuals advanced from numbers 122 and 126 to numbers 104 and 105 on the 2001 revised list. All of the Marks plaintiffs fell at least two places, and Doty dropped to number 112 on the 2001 revised list. Thereafter, promotional appointments were made from the 2001 revised list, and the two individuals whose rankings had been advanced to 104 and 105 were promoted to lieutenant. The final candidate to be promoted to lieutenant from the 2001 revised list was ranked 110, the position that Doty held before the 2001 list was revised.

On June 10, 2005, three days after the 110th candidate's promotion to the position of lieutenant was announced, the 2001 revised list was terminated and replaced by a new list established pursuant to a January 22, 2005, promotional examination (2005 list). It is not disputed that had the 2001 list not been revised, none of the Marks plaintiffs would have been promoted before that list expired, but Doty would have been promoted to lieutenant before the 2001 list terminated.

Doty and the Marks plaintiffs filed their complaints on June 27, 2005, and August 5, 2005, respectively. All of the plaintiffs claimed that the defendants impermissibly revised the 2001 list and that they had vested substantive rights at the time the 2001 list was revised. The motion judge agreed with the plaintiffs that the defendants had impermissibly revised the 2001 list but ruled that only Doty had a vested substantive right in the 2001 list.

2. *Analysis.* a. *Revision of the 2001 list.* On appeal, the

department does not challenge the motion judge's finding that the 2001 list was impermissibly revised, but rather argues that none of the plaintiffs had a vested substantive right in the 2001 list at the time the statute was amended. Therefore, we treat any issue concerning the revision of the list as waived. See Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). For background purposes, however, we summarize the motion judge's analysis of the revision of the 2001 list.

At the time the Legislature expanded the definition of "veteran" to include peacetime veterans, it did not expressly state whether it intended the expanded definition to apply to those eligibility lists existing and in use on August 31, 2004 (the effective date of the amendment), or only to those lists compiled on or after August 31, 2004. Because of the absence of any legislative directive, the issue presented to the motion judge was whether the colonel was authorized to revise the 2001 list. Based on her reading of G. L. c. 22C, § 26, and the long-standing practice of the colonel making promotions from the eligible lists in strict rank order, the motion judge concluded that the colonel impermissibly revised the 2001 list.

The motion judge compared G. L. c. 31, § 25, the civil service statute, with G. L. c. 22C, § 26, the department's promotion statute. General Laws c. 31, § 25, as amended by St. 1985, c. 527, § 12, authorizes the personnel administrator of the human resources division of the executive office for administration and finance to "establish, maintain and *revise* eligible lists of persons who have passed each examination for appointment to a position in the official service" (emphasis added). In contrast, G. L. c. 22C, § 26, authorizes the colonel to "publish and distribute" the promotion list. There is no specific language in that statute that gives the colonel the authority to revise an existing list.

Further, G. L. c. 22C, § 26, provides that once an eligible list for promotion has been finalized, it "shall be used by the colonel . . . for a period of two years from the initial date of said publication; provided, however, if a new eligible list shall not have been established after such two year period, each such eligible list shall *continue to be used by said colonel for promotions until a new eligible list shall have been established*" (emphasis added). Therefore, the motion judge concluded that

224      74 Mass. App. Ct. 219 (2009)

Marks v. Department of State Police.

the language of G. L. c. 22C, § 26, is not ambiguous and does not give the colonel the authority to revise a promotion list more than three years after the examination date in order to add veteran's points to a candidate's test score.[7]

b. *Retroactive application of the amendment.* A statute operates prospectively only, unless the legislative intent is unequivocally clear that the application should be retroactive. *Connolly's Case,* 418 Mass. 848, 851-852 (1994). There is nothing in the amendment to G. L. c. 4, § 7(43), that demonstrates that the Legislature intended the amendment to be retroactive. "It is only where vested substantive rights of the parties have been adversely affected that we can say a statute operates retroactively." *Haran* v. *Board of Registration in Med.,* 398 Mass. 571, 574 (1986), quoting from *McCarthy* v. *Sheriff of Suffolk County,* 366 Mass. 779, 781 (1975).

c. *Vested rights of the various plaintiffs.* The plaintiffs all claim that the statutory scheme governing promotions gave them a vested substantive right to their positions on the 2001 list until a new list was published in accordance with G. L. c. 22C, § 26. The department responds that application of the amended definition of "veteran" did not deprive the plaintiffs of vested substantive rights. In support of its argument, the department cites decisions of the Supreme Judicial Court addressing analogous issues under the civil service laws. See *Callanan* v. *Personnel Administrator for the Commonwealth,* 400 Mass. 597, 601 (1987) ("individuals do not have a vested right in their particular positions on the [civil service] eligibility list once it is established"); *Brackett* v. *Civil Serv. Commn.,* 447 Mass. 233, 253 (2006) ("civil service system confers only limited rights on those individuals . . . who pass the relevant examinations"). Pursuant to these cases under the civil service statute, individuals do not have a vested right in their particular position on an eligibility list once it has been established, in part because the administrator is authorized to adjust the list for revisions such as grading errors or

---

[7]We note that G. L. c. 22C, § 26, also provides that "[a]ny member who is a veteran shall have two points added to his examination score for the purpose of *compiling an eligible list for promotion*" (emphasis added). At the time the 2001 list was compiled, the two individuals whose scores were revised were not veterans as the term was then defined.

by granting a belated veteran preference. See *Callanan* v. *Person-nel Administrator for the Commonwealth, supra,* citing *Smith* v. *Director of Civil Serv.,* 324 Mass. 455, 458-459 (1949).[8]

The decisions cited by the department are not relevant to the issue before us because those decisions involved civil service eligibility lists under G. L. c. 31, § 25, which, unlike G. L. c. 22C, § 26, the statute at issue here, explicitly permits revisions to eligibility lists.

The department further contends that none of the plaintiffs can have a vested right in a candidate's position on the list because G. L. c. 22C, § 26, permits the colonel to make a promotion "from the first three members on each list who is eligible for such promotion and is willing to accept such promotion." According to the department, the fact that the colonel is given discretion by the statute defeats any notion that candidates who achieve a certain ranking on a promotion list are guaranteed a promotion. The department's argument, however, is effectively undercut by the undisputed fact that the department has never departed from the practice of making appointments in the strict rank order that the candidates are ranked. Further, nothing in the record suggests that had the 2001 list not been revised, the colonel would have deviated from his established practice and bypassed Doty.

We therefore conclude that based on the language of G. L. c. 22C, § 26, the undisputed fact that the colonel had made promotions in strict rank order from the eligibility lists, and the

___

[8]The department argues that *Smith* v. *Director of Civil Serv., supra,* is particularly instructive. There, four candidates on a civil service appointment list for the position of police officer for the city of Cambridge filed applications with the director of civil service seeking statutory preferences as disabled veterans. The candidates filed such applications after the eligible list had been established. The director of the civil service accepted their applications and awarded them the preference, thereby revising the lists. Other candidates who were surpassed as a result challenged the director's revision of the list. The court ruled that the director, pursuant to G. L. c. 31, § 12, had the authority to revise the list.

We do not think that the *Smith* decision is relevant here. As we have pointed out, G. L. c. 31, § 12, gives the administrator the right to revise an existing civil service list. Further, the disabled veteran preference, which was the subject of the *Smith* decision, was first established in 1922, long before the 1947 list in question in that case was established. On the other hand, the veteran preference under scrutiny here was established during the existence of the 2001 list.

department's affirmative action plan, the Marks plaintiffs and Doty had vested interests in their positions on the 2001 list until the new list was established in 2005.

We agree with the motion judge that if the 2001 list had not been improperly revised, Doty would have been promoted to lieutenant because a new list had not been established at the time her position on the 2001 list (110) was reached. We also agree with the motion judge that because the positions of the Marks plaintiffs on the 2001 list had not been filled at the time the 2005 list was established, they did not suffer any prejudice by the improper revision of the 2001 list.

An identical judgment entered on the docket of each of the two cases in the Superior Court (i) allowing Doty's motion for summary judgment on her claims against the department, and (ii) allowing the department's motion for summary judgment on the claims of the Marks plaintiffs. The judgments are affirmed.

*So ordered.*