Kenton-Walker, Janet, J.

INTRODUCTION

This action arises from injuries allegedly sustained by Carolyn M. Rassias (“Rassias”) while a passenger on a bus owned and operated by the Massachusetts Bay Transportation Authority (“MBTA”). Rassias alleges that her injuries were caused by the negligence of the MBTA’s agents. Before the court is the MBTA’s Motion to Dismiss. For the following reasons, that motion will be allowed.

BACKGROUND

The following facts are taken from the Complaint and treated as true for the purposes of this motion only. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). On October 22, 2007, Rassias was a passenger on a bus operated by the MBTA. That bus “was so negligently operated by [the MBTA’s] agent... that [Rassias] . . . was caused to be injured.”
The parties agree that Rassias’ Complaint was filed on December 10, 2009.

DISCUSSION

“While a complaint attacked by a motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his ‘entitle[ment] to relief requires more than labels and conclusions. Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true.” Id. at 636, quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).
The MBTA maintains that Rassias’ Complaint is untimely. At the time of Rassias’ injury, G.L.c. 161A, §38 provided that actions against the MBTA “for . . . personal injury or property damage shall be commenced only within two years next after the date of such injury or damage . . .” On June 25, 2009, that language was removed by St. 2009, c. 25, §113. Simultaneously, G.L.c. 258, §1 (The Massachusetts Tort Claims Act or “MTCA”) was amended to govern claims brought against the MBTA. Significantly, the MTCA’s statute of limitations allows a civil action to ”be brought . . . three years after the date upon which such cause of action accrued." G.L.c. 258, §4.
“A statute operates prospectively only, unless the legislative intent is unequivocally clear that the application should be retroactive.” Marks v. Dept. of the State Police, 74 Mass.App.Ct. 219, 224 (2009), citing Connolly’s Case, 418 Mass. 848, 851-52 (1994). Here, there is no indication that the Legislature intended that its modifications to G.L.c. 161A, §38 or G.L.c. 258, §1, expanding the statute of limitations governing actions brought against the MBTA to three years, would be retroactive. Consequently, the two-year statute of limitations in effect at the time of Rassias’ injury governs this action. See, e.g., Oakes’s Case, 67 Mass.App.Ct. 81, 87 (2006) (applying statute of limitations in effect at the time action arose; “if the Legislature had intended the new statute of limitations to have retroactive application, it would have been natural for the Legislature to express such an intention . . .”).
Even if Rassias’ action was not barred by the statute of limitations expressed in G.L.c. 161A, §38, it would *26 be still be subject to dismissal for failure to state a claim. A complaint founded on “labels and conclusions” is no longer sufficient to withstand a motion to dismiss. Iannacchino, 451 Mass. at 636. Here, Rassias offers precious little more than precisely those sorts of conclusory allegations in support of her cause of action. Absent from Rassias’ Complaint is any allegation concerning the identity of the MBTA agent whose negligence caused her injury, any allegation explaining how the MBTA agent was negligent, and any allegation as to how such negligence caused her injury. Rassias’ “threadbare recital!) of the elements of a cause of action, supported by mere conclusory statements, [does] not suffice.” Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (applying cognate federal-rule).

CONCLUSION AND ORDER

For the foregoing reasons, the MBTA’s Motion to Dismiss is, in all respects, ALLOWED.