**William E. LAVASH, Jr., Plaintiff,**

**v.**

**Wallace H. KOUNTZE, Jr., Defendant.**

**Civ. A. No. 78–952–MA.**

United States District Court, D. Massachusetts.

Jan. 10, 1979.

Alfred B. Cenedella, III, Cenedella & Sullivan, Milford, Mass., for plaintiff.

Betty E. Waxman, Asst. Atty. Gen., Commonwealth of Massachusetts, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This is a civil action brought by a police officer from the Town of Waltham challenging the constitutionality of Mass.G.L. c. 31 §§ 12A and 29 on equal protection and due process grounds. These sections provide for the review and inspection of civil service essay examination results by the examinees, but do not accord such rights to examinees who have taken civil service multiple choice exams. Moreover, Mass. G.L. c. 31, § 29 allows the civil service personnel administrator to destroy the question and answer sheets of examination papers, other than essay questions and answers. Jurisdiction is invoked under 28 U.S.C. § 1343. Plaintiff seeks a declaration that Mass.G.L. c. 31 §§ 12A and 29 are unconstitutional on their face and as applied to him.[1] The action is now before the Court on defendant's motion for summary judgment. There being no contested issues of fact, the action is a proper one for summary judgment.[2] Rule 56, F.R.Civ.P. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 54 (1976).

On October 22, 1977, plaintiff, Sergeant William Lavash, took a Massachusetts civil service examination for qualification for the rank of police lieutenant. The exam consisted solely of multiple choice questions. Plaintiff received a mark of eighty-one (81) percent. Dissatisfied with this mark, he requested that he be allowed to appeal the grade(s) on any question(s) with which he disagreed. Citing the provisions of Mass. G.L. c. 31, §§ 12A[3] and 29,[4] the defendant personnel administrator denied plaintiff's request and informed him that the personnel administrator had the right to destroy

---

1. Plaintiff also sought the convening of a three judge court under 28 U.S.C. §§ 2281 and 2284. Section 2281 was repealed in 1976 by P.L. 94-381 §§ 1, 2; 90 St. 1119. Section 2284 authorizes the convening of a three judge court when required by Act of Congress or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any state-wide legislative body. No such situation is presented here. Accordingly, plaintiff's request for a three judge court is denied.

2. Defendant filed a motion to dismiss and/or summary judgment. There being no contested issues of fact the Court decided to treat the motion as a motion for summary judgment.

3. G.L. c. 31, § 12A provides in relevant part that:

Not later than seventeen days after the date of mailing of the notice of the administrator to the applicant of the results of his examination or notice that he did not meet the requirements for admission to the examination, the applicant may file with the administrator a request for a review of the markings of his answers to essay questions . . . Within six weeks after acceptance of a request for a review of a finding or markings on an examination paper under this section, the administrator shall cause such finding or such paper and the markings thereon

to be reviewed, and shall transmit a copy of his decision to the applicant. If the administrator finds that an error was made in such finding, in failing to grant credit for an applicant's answer to an essay question, or in the marking of the training and experience of the applicant, he shall make the adjustment necessary to correct such error in the applicant's grade. Nothing herein shall be construed to limit the right of the administrator to make an adjustment in an applicant's mark which will reduce the applicant's mark if the requested review of the markings indicates that an error was made in the credit granted for any of the answers to essay questions in the examination.

No later than seventeen days after the date of mailing of the notice of the decision of the administrator, the applicant may appeal to the commission by filing a petition in a form approved by it and containing a brief statement of the facts as presented to the administrator for his review.

4. Mass. G.L. c. 31, § 29 provides in pertinent part:

The question and answer sheets of examination papers, other than essay questions and answers, shall not be open for inspection and may be destroyed as the administrator determines.

the question and answer sheets of plaintiff's examination.[5] Plaintiff then brought this action.

## I. *Plaintiff's Equal Protection Challenge*

■ Plaintiff claims that the Massachusetts statutory system which permits individuals who have taken civil service essay examinations to inspect and obtain review of their exams but does not grant such rights to individuals who have taken civil service multiple choice examinations is a violation of plaintiff's constitutional right to equal protection guaranteed by the Fifth and Fourteenth Amendments to the Constitution. Under the Supreme Court's traditional equal protection mode of analysis, legislative classifications are subject to either a strict scrutiny or rational basis standard of review. Strict scrutiny is required only when the classification involves a fundamental right, see, e. g., *Roe v. Wade*, 410 U.S. 113, 152–55, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (right of a uniquely private nature), *Bullock v. Carter*, 405 U.S. 134, 144, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972) (right to vote), *Shapiro v. Thompson*, 394 U.S. 618, 630–31, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (right of interstate travel); or a suspect class, see, e. g., *Graham v. Richardson*, 403 U.S. 365, 372, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (alienage), *McLaughlin v. Florida*, 379 U.S. 184, 192, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964) (race). Public employment has been specifically rejected by the Supreme Court as a fundamental right. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 313, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). No fundamental right or suspect class is involved here. Accordingly, the rational basis test is the proper standard of review to use in evaluating the Massachusetts statutory scheme.

The rational basis test is a relaxed standard which requires only a showing that the classification is rationally based. "If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' " *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970), *quoting Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78, 31 S.Ct. 377, 55 L.Ed. 369 (1911). Moreover, "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland*, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).

■ Defendant argues that the grading of essay exams is essentially a subjective process which risks being arbitrary and therefore unfair. In contrast, the grading of multiple choice exams is an objective process which allows mechanized scoring with no comparable risk of arbitrariness. This distinction, it is argued, justifies the different treatment of inspection and review accorded civil service essay examinees to guard against the dangers of that subjective scoring process.

While the review system for essay exams unquestionably is an imperfect one, and while there do not appear to be any statutory safeguards against mistakes in the mechanized scoring of multiple choice exams, the Legislature has apparently sought with these statutory provisions to address what it considers a danger in the grading of civil service exams. "[T]he Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all." *Dandridge v. Williams*, 397 U.S. 471, 486–87, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970). Massachusetts, of course, has a legitimate interest in ensuring that the scoring of its civil service exams be as fair as possible. In perceiving a problem in the scoring process and in moving to remedy the problem, the State has acted in furtherance of that interest. The grading of essay exams is, as the State has asserted, a more subjective process than is the grading of multiple choice exams. In attempting to

---

**5.** On May 1, 1978, plaintiff moved for a temporary restraining order to prevent the defendant from destroying plaintiff's exam papers. A hearing was held that day at which defendant did not appear. The motion was allowed.

protect examinees against the danger of arbitrariness inherent in that more subjective scoring process, the State has accorded essay examinees the right to review and inspection. The State's action is rationally based. Accordingly, the statutory provisions at issue here, Mass.G.L. c. 31, §§ 12A and 29, are not violative of the Equal Protection Clause.

## II.   *Plaintiff's Due Process Challenge*

Plaintiff also has alleged that the operation of Mass.G.L. c. 31, §§ 12A and 29 deprive him of his constitutional right to due process of law.

It is now well established that a person claiming the denial of procedural due process must establish: (1) the deprivation of a protected liberty or property interest, and (2) the inadequacy of the present procedure. See *Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Mathews v. Eldridge*, 424 U.S. 319, 332–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Kelley v. Action for Boston Community Development*, 419 F.Supp. 511, 518–19 (D.C.Mass. 1976).

Plaintiff has not identified the property or liberty interest allegedly at stake. Defendant has asserted that no liberty or property interest is involved here and that plaintiff seeks only a hearing. Accordingly, defendant concludes, plaintiff has not satisfied the first part of the two step procedural due process analysis and his claim must fail on that basis. However, since this action is before the Court on defendant's motion for summary judgment, the Court must "look at the record . . . in the light most favorable to [plaintiff], the party opposing the motion." *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82

S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). Moreover, the Court must indulge all inferences favorable to plaintiff, the party opposing the motion. *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

Even in this light, plaintiff's complaint cannot be read as asserting the denial of a legitimate liberty interest. The concept of liberty is broad: "[W]ithout doubt, it denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men." *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923). Nevertheless, plaintiff here cannot fit his charge even within the broad penumbra of rights outlined above. See *Board of Regents v. Roth*, 408 U.S. 564, 572–75, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Plaintiff's allegations can, however, arguably be read as asserting the denial of a property right. Plaintiff has challenged the Massachusetts statutory system which does not allow him, as a civil service multiple choice examinee, to obtain review and inspection of his exam. Under Massachusetts law, those people who score highest on the civil service exams, while not statutorily guaranteed of an appointment or promotion, nevertheless secure a position on certification lists such that they gain a reasonable expectancy that if an appointment or promotion is available, someone on the certification list will be selected.[6] Plaintiff's complaint can be read as alleging the denial

---

**6.** Mass.G.L. c. 31, § 3 provides that the Civil Service Commission shall make rules including provisions for:

(e) Selection of persons for positions and employments in accordance with the results of examination, or in the order of application, or otherwise.

(f) Promotions, on the basis of merit ascertained by examination, and seniority of service.

Mass.G.L. c. 31, § 15G provides in pertinent part:

Whenever a certification of names of persons eligible for appointment or promotion is made by the administrator and the eligible list contains the names of three persons willing to accept, selection and appointment or promotion shall be made by the appointing authority from the eligible list in accordance with the law and rules.

to him of the right to challenge the scoring of his exam, which score kept him off the certification list.

The Supreme Court stated in *Board of Regents v. Roth*, that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth, supra*, at 577, 92 S.Ct. at 2709. Property interests, the *Roth* Court reasoned, "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

In this light, plaintiff's complaint here can be seen as alleging the denial of his right to determine whether he was properly kept off the certification list which would have fairly entitled him to promotion. As such, construing the record most favorably to plaintiff, this Court concludes that plaintiff arguably has claimed the deprivation of a legitimate property interest.

■ Assuming, therefore, that there may be a legitimate property interest at stake, the second part of the procedural due process analysis requires the determination of how much process is due. In this regard, the Supreme Court has stated that "identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

Guided by these factors the plaintiff's claim fails, regardless of whether plaintiff's allegations are directed to the danger of substantive or clerical error in the scoring process.

If the plaintiff, in seeking the right to inspect or obtain review of his exam, looks to challenge the substantive validity of the exam or the selected answers, analogy to authority dealing specifically with due process and "academic" decisions is apt. Such authority is relevant because plaintiff would be attacking the validity of a written test, or academic criteria, used to deny him a promotion.

Courts have consistently refused to require full due process hearing rights for asserted deprivations due to academic reasons. *Board of Curators v. Horowitz*, 435 U.S. 78, 91–92, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978); *Mahavongsanan v. Hall*, 529 F.2d 448, 449–50 (5th Cir. 1976); *Gaspar v. Bruton*, 513 F.2d 843, 850–51 (10th Cir. 1975). Courts are ill-equipped to assess such academic decisions. As the Supreme Court stated recently, "the determination whether to dismiss a student for academic reasons requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decision-making." *Board of Curators v. Horowitz*, 435 U.S. at 90, 98 S.Ct. at 955. Such reasoning is well-founded. Accordingly, this Court concludes that judicial intrusion into this essentially academic area is not warranted.

If the plaintiff's allegations are directed to the danger of clerical error in the scoring process it is similarly clear that his due process claim must fail. Defendant has submitted an affidavit attesting to the fact that the Bureau of Examinations rescores, by hand, the answer sheets of all civil service examinees who express concern that their answer sheets have been erroneously graded. Plaintiff has not produced an affidavit controverting this fact as is his responsibility under Rule 56(e), F.R.Civ.P. Such rescoring is surely a sufficient safeguard against clerical error. Accordingly, this Court concludes that Mass.G.L. c. 31, §§ 12A and 29 do not deny plaintiff due process of law.

In accordance with the above, the defendant's motion for Summary Judgment is ALLOWED.

SO ORDERED.