DENNIS CALLANAN & others[1] vs. PERSONNEL
ADMINISTRATOR FOR THE COMMONWEALTH.

Suffolk.   May 6, 1987. — August 10, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

Civil Service, Fire fighters, Eligibility list, Judicial review. Contempt.

Candidates for promotion to the position of fire lieutenant had no vested
    right to their places on a particular civil service eligibility list and thus,
    in the circumstances of their action against the State personnel adminis-
    trator, they were not entitled to a judgment postponing the expiration
    of the list by reason of their contention that the administrator's failure
    to establish, within the six-month period prescribed by G. L. c. 31,
    § 25, eligibility lists for certain higher-tier positions had deprived the
    plaintiffs of the opportunity to be promoted to vacancies, created by
    promotions of incumbent fire lieutenants, before the eligibility list in
    issue had expired. [599-602]
An adjudication of civil contempt fell when the injunction violated was
    vacated on appeal. [602]

CIVIL ACTION commenced in the Superior Court Department
on February 14, 1986.

The case was heard by John T. Ronan, J., on a motion for
summary judgment and a proceeding for contempt was also
heard by him.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

Kathleen McDermott, Special Assistant Attorney General
(Margaret L. Dale & William Appel with her) for the defendant.

Hinda Magidson for John Howard & others.

Stephen M. Acerra, Jr., for Philip Malone.

HENNESSEY, C.J. The plaintiffs, who seek promotion to the
position of fire lieutenant, brought this action in the nature

[1] John Howard, William Suprey, Arthur Laporte, and Philip Malone.
    The complaint originally included Dennis Callanan, an applicant for
district fire chief, and Gerard Lucas, an applicant for fire captain. Callanan
and Lucas were promoted subsequent to their filing this action, and are no
longer parties to this appeal.

of mandamus under G. L. c. 249, § 5, to compel the personnel administrator for the Commonwealth (administrator) to establish the eligibility list for the position of district fire chief for the city of Boston. The administrator appeals from an order directing him to certify the plaintiffs' names as eligible for appointment to the position of fire lieutenant, and finding him in civil contempt. A Justice of the Appeals Court stayed the order pending appeal, and we took the case on our own motion. We reverse the judgment directing the administrator to certify the plaintiffs' names, and the judge's adjudication of civil contempt.

The plaintiffs are fire fighters in the city of Boston who took an examination in October, 1983, for promotion to the position of fire lieutenant. The plaintiffs' names were placed on the civil service eligibility list for the position of fire lieutenant on February 15, 1984 (1984 list). By the terms of the civil service statute, G. L. c. 31, that list was due to expire on February 15, 1986. Between February, 1984, and the end of 1985, promotions were made in the normal course from the 1984 list. By February, 1986, the plaintiffs' names were the first four names appearing on the list and thus the next to be considered for promotion. In the normal course, a new examination for the position of fire lieutenant had been administered in November, 1985, from which a new eligibility list (1986 list) was to be created to replace the expiring 1984 list.[2]

Although many promotions to fire lieutenant had been made from the 1984 list in February, 1986, no new positions were expected to become available before the 1984 list expired because of delays in creating the list of persons eligible for promotion to district fire chief.[3] The delay in creating the district

[2] The plaintiffs Howard and Suprey did not take the November, 1985, examination. LaPorte took the examination, but did not receive a passing score. Although the record does not reflect whether Malone took the November, 1985, examination, the administrator states that Malone took it and passed.

[3] The administrator explained that the reason for the lateness in establishing the district fire chief list was delays in the grading of the essay portion of

fire chief list had a "ripple effect" down through the ranks of the civil service system: because existing fire captains were not promoted to district fire chief, existing fire lieutenants were not promoted to fire captain, and thus no openings for fire lieutenant were created to which the plaintiffs could be promoted.

On February 14, 1986, the plaintiffs brought this action in the nature of mandamus. On February 25, 1986, a judge of the Superior Court issued a preliminary injunction which ordered the administrator to create the district fire chief list, to refrain from interfering with the plaintiffs' efforts to seek promotion, and to refrain from certifying names from the 1984 list "until the District Fire Chiefs' Eligibility List is established and options are restored to the appointing authority to fill the resulting vacancies from the list in existence as of February 18, 1986."

On March 26, 1986, the administrator established a new eligibility list for fire lieutenant from the results of the November, 1985, examination (1986 list). On April 1, 1986, the administrator established the eligibility list for the position of district fire chief. Shortly thereafter, the commissioner of the fire department submitted a requisition to fill the then-vacant positions of fire lieutenant. The administrator declined to certify names for that position until the litigation concerning the 1984 list was resolved, and filed a motion for summary judgment on April 11, 1986. On April 18, 1986, the plaintiffs filed a complaint for civil contempt. The judge granted the administrator's motion to consolidate the hearings on the motion for summary judgment and the contempt petition. The judge ordered that the administrator certify the plaintiffs' names to the appointing authority as eligible for appointment to the position of fire lieutenant. The judge also found the administrator to be in civil contempt, and fined him $50.

1. The plaintiffs' claims rest on the argument that the administrator's failure to establish the district fire chief list within

the examination, which was performed by volunteer, out-of-State fire chiefs. The plaintiffs presented no evidence and make no argument that there is any other cause for the delay.

six months of the district fire chief examination, as required by G. L. c. 31, § 25, deprived them of the opportunity to be considered for promotion to fire lieutenant from the 1984 list before the 1984 list expired. General Laws c. 31, § 25, provides in part: "The administrator shall establish, maintain and revise lists of persons who are eligible for appointment to positions in the official service. . . . Each such list shall be established or revised as soon a[s] such marks are determined by the administrator, except that if such determination is made by the use of a written examination, the establishment or revision of the list shall be completed no later than six months after the date of such examination." Pointing to the statute's language — "shall be completed" — the plaintiffs argue that § 25, as applied to the establishment of the district fire chief list within the six-month period, is not only mandatory to the administrator, but also confers rights on them as applicants for a civil service position two tiers below district fire chief to enforce the six-month requirement, and to extend their list — the 1984 list for fire lieutenant — beyond its statutorily-mandated expiration.

The plaintiffs are correct in pointing out that an important purpose of the civil service system is "assuring that all employees are protected against coercion for political purposes, and are protected from arbitrary and capricious actions." G. L. c. 31, § 1, fourth par. (f). See also *Debnam* v. *Belmont,* 388 Mass. 632, 635 (1983). In this case, however, the plaintiffs have not demonstrated that the administrator acted deliberately or maliciously to delay the establishment of the district fire chief list in order to injure the plaintiffs. In his memorandum and order concerning civil contempt, the judge expressly stated that no malicious purpose on the part of the administrator had been shown.

In the circumstances of this case, we think the Legislature did not intend the six-month requirement of § 25 to confer a right on those whose names appear on eligibility lists for positions on lower tiers in the civil service system to postpone the expiration of their lists until all positions which might have become available during the term of their list are filled from

their list. The plaintiffs' claims are inconsistent with the over-all scheme of the civil service system in two important respects: the limited nature of the rights conferred on persons who pass the examinations, and the broad discretion that rests in the administrator.

The civil service system confers only limited rights to those on eligibility lists. Chapter 31 expressly directs that an eligibility list will be effective "for such period as the administrator shall determine, but in any event not to exceed two years . . . ." G. L. c. 31, § 25. The system the Legislature created, in which eligibility lists expire and are replaced by new lists, involves the risk that positions might become available immediately after the expiration of an old list — or immediately before the establishment of a new list. The over-all pattern of the statute does not justify expectations that certain positions will become available during the period of a single list. Moreover, individuals do not have a vested right in their particular positions on the eligibility list once it is established. See G. L. c. 31, § 23 ("administrator shall make any necessary adjustment to correct such error" in grading of examination); *McCue* v. *Director of Civil Serv.,* 325 Mass. 605, 608 (1950) ("The director may revise the list by placing ahead of [an applicant's] name the names of disabled veterans who had failed to claim, until after the list was established, the preference accorded them"), citing *Smith* v. *Director of Civil Serv.,* 324 Mass. 455 (1949). In addition, the statute does not specify when examinations should be administered, leaving the timing of an examination to the sound discretion of the administrator. G. L. c. 31, §§ 18-19. See generally *McCue* v. *Director of Civil Serv., supra* at 609. Hence, those on an eligibility list for a lower-tier position are unable to assert a protected interest in the timing of establishing a new eligibility list for that lower-tier position; we think they may not assert a greater interest in whether the six-month requirement of § 25 is satisfied for higher-tier positions.

We also note that the statute contemplates a new eligibility list being created during the active life of an older list, and directs that the two lists are to be merged. G. L. c. 31, § 25. In the statutory scheme, the most recent examination results

for an individual are used to determine ranking on the merged eligibility list. *Id*. Applicants are able to protect their interests in remaining eligible by taking the later examinations.

Finally, we note that the administrator is given a measure of discretion over the expiration of a list. Under the statute in effect at the expiration of the 1984 list the administrator could extend a list due to expire if "the administrator determines that the public convenience requires an extension of eligibility, in which case eligibility of all persons on such list shall be extended until such time as a new eligible list is established for the same position . . . ." G. L. c. 31, § 25. Effective February 21, 1986, § 25 was amended by St. 1985, c. 527, § 13, to extend an expiring list automatically if a new list has not been established; the extension is terminated, however, upon the establishment of a new list, or upon the decision of the administrator "that the effective maintenance of the merit system so requires such revocation." Not only do the provisions give the administrator substantial discretion over extending eligibility lists, they also reflect the preference for the establishment of new lists. The corresponding provision for extension of a list because of a court order is designed to ensure that those on the list are eligible for the entire period of the list. *Id*. Nothing in that provision indicates that a court may extend a list to provide the members of the old list consideration for all promotions which might have become available before the list's statutorily-prescribed expiration.

Accordingly, we conclude that the judge erred in issuing his order in February, 1986, extending the 1984 list for fire lieutenant, and in ordering on June 2, 1986, that the administrator certify the names of the plaintiffs to the appointing authority and refrain from interfering with the plaintiffs' efforts to seek promotion.

2. The administrator was adjudicated to be in civil contempt for "contumacious" behavior with regard to the order of February 25, 1986. "When it is decided by appellate reversal that the plaintiff was not originally entitled to any equitable relief, civil contempt adjudications fall with the orders violated." *Fitchburg* v. *707 Main Corp.*, 369 Mass. 748, 754 (1976). See *Stow* v. *Marinelli,* 352 Mass. 738, 745 (1967).

3. The judgment is reversed, including the injunction against the administrator and the adjudication of civil contempt. Judgment is to be entered for the defendant, dismissing the action.

*So ordered.*