JULIE DAVIS & others[1] *vs.* PERSONNEL ADMINISTRATOR OF THE DEPARTMENT OF PERSONNEL ADMINISTRATION & another.[2] No. 88-P-296. March 23, 1989. *Civil Service*, Eligibility list, Judicial review. *Practice, Civil*, Declaratory proceeding.

The question before us is whether the plaintiffs may assert a protected interest under the civil service laws because the administrator, contrary to the requirements of G.L. c. 31, § 25, waited seventeen months after the date of the written examination taken by the plaintiffs to establish an eligibility list for the position of vocational disability examiner. The statute requires the list to be established no later than six months after the date of such examination. As a result of this delay, the plaintiffs claim they were ineligible for promotion to the position of senior vocational disability examiner, a position for which each of them qualified by examination.

Relying on *Callanan* v. *Personnel Admr.*, 400 Mass. 597 (1987), we hold that, in the circumstances, § 25 does not confer a right on the plaintiffs to complain of the statutory violation.

We take our facts, which are not controverted, from the complaint and accompanying attachments. As a result of written examinations taken on May 22, 1982, the plaintiffs became eligible for appointment to the position of vocational disability examiner. The eligibility list for this position, however, was not prepared until October 20, 1983, a date seventeen months after the examination. The plaintiffs were appointed to the position on a temporary basis on March 4, 1984.

---

[1] Paul Doherty, John Gomes, Michael Maguire, Elizabeth Tusini, Jill Shaw, and Phillip Walsh.

[2] Commissioner of the Massachusetts Rehabilitation Commission.

Promotion to the position of senior vocational disability examiner required taking another examination, but only those persons who had served a year in the lower-tier position were eligible to take the examination. See G. L. c. 31, § 9. When the Commissioner of the Massachusetts Rehabilitation Commission (Commissioner) learned that the examination for the senior position was imminent, he requested the administrator to delay the scheduling of the examination so as to provide career opportunities for the Commissioner's employees. The administrator refused, and the examination was held on January 21, 1984. Although each of the plaintiffs passed the examination, the administrator found them ineligible because they did not meet the one-year in service requirement.

The plaintiffs, by letter to the administrator, first sought relief pursuant to St. 1976, c. 534, which, in relevant part, provides: "If the rights of any person acquired under the provisions of chapter thirty-one of the General Laws . . . have been prejudiced through no fault of his own, the personnel administrator of the civil service commission, with the approval of said commission, may take such action as will restore or protect such rights . . . ." The administrator refused to grant relief. His refusal was appealed to the Civil Service Commission pursuant to G. L. c. 31, § 2(b), by the collective bargaining representative of the plaintiffs. In its decision, the commission "strongly" recommended that the administrator initiate action under St. 1976, c. 534, but the administrator was not persuaded and explained the delay as being due to chronic budgetary restraints. This action for declaratory and injunctive relief followed.

While considering the time requirements of § 25 mandatory, rather than directory, a judge of the Superior Court declined to declare the rights of the parties because he believed that interpreting the statute would not terminate the controversy. See G. L. c. 231A, § 3. A declaration would not enable the plaintiffs to be appointed to the position of senior vocational disability examiner and would not eliminate the one-year in service requirement. Moreover, the judge noted, c. 31 provides no remedy to the plaintiffs for a violation of § 25; they are limited to the appeal provided in § 2(b), a route already unsuccessfully taken. Accordingly, he dismissed the complaint.

We think the judge took too narrow a view of G. L. c. 231A. There is an actual controversy between the parties, and although a declaration "might leave open questions regarding appropriate relief, this is not a sufficient reason to refuse declaratory relief in this case." *Ciszewski* v. *Industrial Acc. Bd.*, 367 Mass. 135, 139 (1975). There is no basis for supposing that the defendant public officials will not find a way to remedy the plaintiffs' rights should there be a judicial declaration that such rights have been violated. Cf. *Boston Teachers Union* v. *School Comm. of Boston*, 370 Mass. 455, 471 (1976). Unless the issue is decided, the rights of the parties "may never be set to rest." *Ciszewski* v. *Industrial Acc. Bd.*, 367 Mass. at 139.

We turn, therefore, to the primary issue. Countering the defendants' claim that this case is controlled by *Callanan* v. *Personnel Admr.*, 400 Mass. 597 (1987), the plaintiffs argue that that decision merely holds that persons in lower-tier positions may not assert rights which belong, if at all, to persons in a higher position. The *Callanan* case was brought by fire fighters of the city of Boston who had been placed on an eligibility list for promotion to the position of fire lieutenant. They claimed that the administrator's failure to establish the eligibility list for district fire chief deprived them of the opportunity to be considered for promotion to fire lieutenant before the time for expiration of the lieutenant's eligibility list. The delay in creating the district fire chief list had a "ripple effect" and prevented promotions from captains to fire chief, from lieutenants to captain, and hence from fire fighter to fire lieutenant. The Supreme Judicial Court at 600-601, pointed out that the

> "Legislature did not intend the six-month requirement of § 25 to confer a right on those whose names appear on eligibility lists for positions on lower tiers in the civil service system to postpone the expiration of their lists until all positions which might have become available during the term of their list are filled from their list."

The plaintiffs argue that *Callanan* implies a right to assert the timely establishment of their own eligibility lists, as contrasted with the list for a higher-tier position. We think an analysis of *Callanan* shows otherwise. In ruling against the fire fighters, the court considered their claims to be inconsistent with the statutory civil service scheme which limits the nature of the rights conferred on persons who pass the examinations, and gives the administrator wide discretion in administering the lists. Since eligibility lists are effective for such periods as are determined by the administrator, but not to exceed two years, there can be no expectation that certain positions will become available during the period of a particular list. Positions might become available immediately before the establishment of a new list, or immediately after the expiration of an old one. Moreover, the administrator may make adjustments to correct errors of grading and may revise lists for certain disabled veterans. He may also decide when to give examinations.

> "Hence, those on an eligibility list for a lower tier position are *unable to assert a protected interest in the timing of establishing a new eligibility list for that lower-tier position*; we think they may not assert a greater interest in whether the six-month requirement of § 25 is satisfied for a higher-tier position." *Id.* at 601 (emphasis supplied).

The reasoning and language of *Callanan* provide no reason to distinguish between persons already on an eligibility list who, the Supreme Judicial Court has said, have no protected rights in the timing of a new list, and

the present plaintiffs who were delayed in being placed on a list. While the administrator should exert all possible efforts to comply with the statutory timetables, where, as here, his delay is not deliberate or malicious, see *Callanan* at 600, but rather, is caused by budgetary constraints, the plaintiffs have shown no stronger interest in the timing of their list than shown by fire fighters in the timing of the eligibility list for the district fire chief in *Callanan*.

The judgment of dismissal is vacated and a new judgment is to enter declaring that the plaintiffs did not have an interest in the timing of the eligibility list for vocational disability examiner entitling them to relief.

*So ordered.*

*Maria C. Rota* for the plaintiffs.

*Richard M. Brunell*, Assistant Attorney General, for the defendants.