Lauriat, J.
The plaintiff, Kevin W. Kelleher (“Kelleher”), a Deputy Chief of the Somerville Fire Department, brought this action on September 28, 1994, against Robert C. Dumont, the Personnel Administrator of the Department of Personnel Administration of the Commonwealth of Massachusetts (“the DPA”), and Mayor Michael E. Capuano, the Mayor of Somerville (“the Mayor”), seeking to enjoin the Mayor and the DPA from taking further steps to provisionally or permanently appoint anyone other than Kelleher to the position of Chief Engineer of the Somerville Fire Department. On September 29, 1994, this court (Lauriat, J.) entered a temporary restraining order and (1) enjoined the Mayor from interviewing any individual other than Kelleher for the position of Chief Engineer, (2) ordered the Mayor to interview Kelleher for the position of provisional Chief Engineer and to either appoint him to that position or provide reasons for not making such an appointment, and (3) enjoined the DPA from issuing a new eligible list.
*38 On October 5, 1994, this court conducted a hearing on Kelleher’s Motion for Clarification of the September 29, 1994 Order and Defendant’s Opposition to Preliminary Injunction or Other Injunctive Relief, Motion for Reconsideration and Dissolution of the Temporary Restraining Order and Opposition to Plaintiffs Motion for Clarification. Following the hearing, this court allowed the temporary restraining order to lapse and on October 14, 1994, ordered (1) that a hearing on the merits of the dispute be held on November 2, 1994; (2) that the DPA refrain from establishing a new eligible list for the position of Chief Engineer pending resolution of the dispute; (3) that the 1992 list be extended pending resolution of the dispute; (4) that John Gover continue as Acting Chief Engineer; (5) that the Mayor not take any action to fill the position of Chief Engineer either provisionally or permanently; and (6) that the Mayor not interview any candidates for the position pending resolution of the dispute.
On November 2, 1994, this court held a hearing on the merits. All parties submitted an Agreed Statement of Facts and trial briefs. The issue in this case is whether it is reasonable for the DPA to require the appointing authority to provide “sound and sufficient reasons” for refusing to appoint an individual on an established civil service list containing less than three names, and instead, provisionally appointing his own candidate pursuant to G.L.c. 31, §15.
BACKGROUND
The parties have agreed, and the court relies, on the following facts.
Kelleher became a member of the Somerville Fire Department on October 30, 1977. He was promoted through the ranks, pursuant to the civil service system, to his current position of Deputy Chief. Kelleher took the civil service promotional examination for the position of Chief Engineer of the Somerville Fire Department on March 24, 1990 (“1990 list”). Kelleher scored a 90, which was a higher score than the other individual who took the examination. The 1990 list expired without a vacancy.
Kelleher again took the examination for the position of Chief Engineer on March 25, 1992 (“1992 list") and scored a 91. He was the only person to take that examination and the only person on the established 1992 list. In 1993, in the ordinary course of business, the Mayor called for another examination for the position of Chief Engineer of the Fire Department. On January 6, 1994, Somerville Fire Department Chief Engineer E. Scalesse retired. On January 7, 1994, the Mayor appointed Deputy Fire Chief John Gover as Acting Chief Engineer. On January 12, 1994, Kelleher wrote to the DPA regarding the validity of this appointment. On March 19, 1994, an examination was held for the position of Chief Engineer. The establishment of this list (“1994 list”) was enjoined by this court (Lauriat, J.) on October 12, 1994. The 1994 list will contain the names of two individuals, Kelleher, who scored a 94, and Deputy Chief Stephen Keenan (“Keenan”), who scored an 87.
On August 12, 1994, Kelleher filed an appeal with the Civil Service Commission pursuant to G.L.c. 31, §2(b), alleging that the appointing authority had failed to requisition the existing 1992 list for the Chiefs position and alleging that the appointing authority had failed to comply with the requirements of G.L.c. 31, §§12, 15, 27, and 59.[1] On August 16, 1994, the Mayor wrote to the DPA, asserting that he had provisionally promoted John Gover to the position of Chief and requested authorization for that promotion. On August 31, 1994, Personnel Administrator Robert C. Dumont (“Dumont”) responded to the Mayor’s letter of August 16,1994. Dumont stated that the Mayor would have to provide “sound and sufficient reasons” for not promoting from the eligible list before action would be taken on his request for authorization of a provisional promotion. On September 7, 1994, the Mayor wrote to Dumont, seeking information as to the basis for his interpretation of c. 31, §15 as requiring “sound and sufficient reasons” for not appointing from an eligible list when making a provisional promotion. On September 16, 1994, Dumont responded to the Mayor’s letter of September 7, 1994.[2]
On September 8, 1994, the Mayor submitted a home rule petition to the Somerville Board of Aldermen (“BOA”) seeking to remove the positions of Fire and Police Chief from the civil service system. That petition was unanimously rejected by the BOA on September 22, 1994. On September 26, 1994, the Mayor wrote to Acting Chief Gover and to each of the Deputy Chiefs who had been employed in the Department for more than one year. The Mayor offered those five individuals the opportunity to interview for the position of provisional Chief Engineer. Acting Chief Gover and Keenan indicated a desire to be interviewed. Kelleher did not respond to the Mayor’s offer of an interview, per advice of counsel. The interviews, which were scheduled for September 29 and 30, 1994, were enjoined by this court in its Order of September 29, 1994, and in its revised Order of October 14, 1994.
On October 28, 1994, the Mayor submitted a home rule petition to the BOA seeking to affect the positions of Fire and Police Chief by allowing appointments to those positions to be made pursuant to civil service law in all respects except life tenure. Thus far, the BOA has taken no action taken on this petition.
DISCUSSION
Kelleher contends that the Mayor’s attempted “provisional promotion” of Acting Chief Engineer John Gover violates G.L.c. 31, §15, because the Mayor failed to promote an eligible candidate on the established 1992 list[3] without providing “sound and sufficient reasons” for doing so to the DPA. Kelleher therefore seeks a declaratory adjudication as to the meaning of the phrase “with the approval of the administrator” as it appears in G.L.c. 31, §15, the section which estab *39 lishes a procedure for a civil service provisional promotion from within an applicable department. G.L.c. 31, §15 states in relevant part,
An appointing authority may, with the approval of the administrator or, if the appointing authority is a department, board, commission, institution or other agency within an executive office, with the approval of the secretary of such office, make a provisional promotion of a civil service employee in one title to the next higher title in the same departmental unit. Such provisional promotion may be made only if there is no suitable eligible list, or if the list contains the names of less than three persons eligible for and willing to accept employment, or if an eligible list has been established as a result of a competitive examination for an original appointment and the appointing authority requests that the position be filled by a departmental promotional examination pursuant to section eight. No provisional promotion shall be continued after a certification by the administrator of the names of three persons eligible for and willing to accept promotion to such position.
(Emphasis added.)
“[A] basic tenet of statutory construction is to give the words their plain meaning in light of the aim of the Legislature . . .” Commonwealth v. Vickey, 381 Mass. 762, 767 (1980). Because the Mayor was left with a list of one candidate when Fire Chief Scalesse retired, under the plain language of G.L.c. 31, §15, the Mayor could provisionally promote a civil service employee in the next highest title with the approval of the administrator. This controversy arises, however, because the DPA has refused to issue its approval of the provisional promotion unless the Mayor provides sound and sufficient reasons for not promoting an eligible candidate from an established list. The Mayor contends that there is no requirement for providing such reasons in G.L.c. 31, §15, either expressly or impliedly, and thus, the DPA’s demands need not be honored.
Under the civil service system, there are two forms of provisional hiring, the provisional appointment, which is governed by the language of G.L.c. 31, §12, and the provisional promotion, which is governed by the language of G.L.c. 31, §15. G.L.c. 31, §12 provides in relevant part,
An appointing authority may make a provisional appointment to a position in the official service with the authorization of the administrator . . . Such authorization may be given only if no suitable eligible list exists from which certification of names may be made for such appointment or if the list contains the names of less than three persons who are eligible for and willing to accept employment and the appointing authority submits a written statement to the administrator that each person whose name was certified and who reported for an interview was interviewed and considered for appointment and states sound and sufficient reasons, satisfactory to the administrator, for not making an appointment from among such persons.
(Emphasis added.) The Mayor contends that because G.L.c. 31, §12 expressly requires the appointing authority to provide “sound and sufficient reasons” to the DPA for not appointing an eligible candidate, the absence of such language from G.L.c. 31, §15 indicates the legislature’s intent to provide the appointing authority with more discretion when making a provisional promotion. The Mayor further contends that this distinction is logical because, while provisional appointments may be made from any title, provisional promotions must be made from the next highest title, where individuals are presumptively qualified.
Because the requirement of providing “sound and sufficient reasons” is expressly stated in several other places in G.L.c. 31,[4] the absence of such language in G.L.c. 31, §15 lends strong support to the Mayor’s contention that the Legislature did not intend to impose this requirement on the appointing authority when it provisionally promoted an individual in the next highest title level. A review of the legislative history of G.L.c. 31, §15 further supports this conclusion. In 1974, the Legislature amended G.L.c. 31, §15G to provide,
[I]f the appointing authority wishes to fill the position by a person whose name does not appear on said eligible list, he shall certify to the administrator that each person on the list who reported for an employment interview as directed by the administrator was interviewed and considered for the position. In such case, the appointing authority shall state sound and sufficient reasons, satisfactory to the administrator, why the certification of less than three names was not adequate to make a proper selection. No provisional appointment or provisional promotion shall be approved or continued following a notification by the administrator if the list contains the names of three persons eligible and willing to accept. . .
(Emphasis added.) Under this former version of G.L.c. 31, §15, provisional promotions and provisional appointments were handled in an identical manner, and both were authorized only if the appointing authority first stated sound and sufficient reasons for not appointing from an eligible list, even if that list contained fewer than three names. Section 15G was removed when G.L.c. 31 was recodified and amended in 1978. Thus, as the Mayor contends, following recodification, the statute purposely treated provisional promotions and provisional appointments differently.
Finally, the second paragraph of the current G.L.c. 31, §15 creates a distinct procedure for the provisional promotion of an individual who is not in the next lower title level by expressly requiring the appointing authority to provide “sound and sufficient” reasons for such action.
*40 If there is no such employee in the next lower title who is qualified for and willing to accept such a provisional promotion the administrator may authorize a provisional promotion of a permanent employee in the departmental unit without regard to title, upon submission to the administrator by the appointing authority of sound and sufficient reasons therefor, satisfactory to the administrator.
G.L.c. 31, §15 (emphasis added).
In Massachusetts, the court is required to determine the intention of the legislature in enacting a statute and to interpret the statute in a manner which effectuates that intent. Sterilite Corp. v. Continental Casualty Co., 397 Mass. 837,839 (1986); International Organization of Masters, Mates, and Pilots, Atlantic and Gulf Maritime Region, AFL-CIO v. Woods Hole, Martha’s Vineyard and Nantucket S.S. Authority, 392 Mass. 811, 813 (1984). The court concludes that the clear intent of the legislature in enacting G.L.c. 31, § 15 was to create a distinction between provisional appointments and provisional promotions by absolving the appointing authority of the duty to provide “sound and sufficient” reasons for provisionally promoting an individual from the next highest title who is not an eligible candidate on an established list.
The DPA, however, asserts that it has consistently required an appointing authority to submit “sound and sufficient reasons” before approving a provisional promotion pursuant to G.L.c. 31, §15. Where the administrator’s statutory interpretation is reasonable, and his findings are supported by substantial evidence, the court should not supplant his judgment. Massachusetts Medical Society v. Commissioner of Insurance, 402 Mass. 44, 62 (1988). However, in the present case, the DPA’s stated policy is directly contrary to the plain statutory mandate of G.L.c. 31, §15 and cannot be deemed reasonable. Cf. Rockland Mutual Insurance Co. v. Commissioner of Insurance, 360 Mass. 667, 674 (1971) ([I]n a confused statutory situation, a consistent, long continued, administrative practice of the public officer charged with regulating a large industry is not lightly to be disregarded and is entitled to weight in statutory interpretation).
Moreover, it is the Civil Service Commission (“Commission”), and not the DPA, which is charged with interpretation and application of the Civil Service statute. See G.L.c. 31, §2(b). The Mayor has brought to the court’s attention a civil service appeal which provides in relevant part,
Where there are fewer than three candidates for a single vacancy, chapter 31, §27 does not require a selection to be made from the certification. In lieu of such selection, a provisional appointment may be made provided the Appointing Authority supplies DPA with sound and sufficient reasons for rejecting the candidates on the certification. G.L.c. 31, § 12. Alternatively, a provisional promotion may be made pursuant to G.L.c. 31, §15. It is noteworthy that §15 does not require sound and sufficient reasons for rejecting candidates on a so-called “short list.” . . . Arguably, the provisional promotion of Francis Gilman to the West Brookfield site could have made pursuant to G.L.c. 31, §15 even without the submission of sound and sufficient reasons for rejecting the two certified candidates. Because reasons were provided, however, the Commission need not reach this issue.
(Exhibit A to Defendant’s Trial Brief, emphasis added.) While the Commission did not explicitly decide the applicability of G.L.c. 31, §15 to the facts of the above-quoted case, the Commission clearly opined that G.L.c. 31, §15 does not require “sound and sufficient reasons” for rejecting candidates on a short list. See also Burns v. Sullivan, 473 F.Supp. 626, 629 (1979) (“When the state legislature enacted Mass. Gen. Laws ch. 31, §15C it recognized that some degree of discretion in the appointing authority was necessary to insure that the most suitable applicant would fill the vacancy”). The court therefore concludes that the language “with the approval of the administrator” in G.L.c. 31, §15 does not require the appointing authority to submit “sound and sufficient reasons” for refusing to provisionally promote an individual on a short list.
Kelleher contends, however, that the administrator must have some degree of discretion in cariying out his duty of “approving” the Mayor’s candidate. See Town of Milton v. Personnel Administrator of the Department of Personnel Administration, 406 Mass. 818, 829 (1990). The court acknowledges that the administrator’s “approval” is not purely ministerial. See Somerville v. Somerville Municipal Employees Association, 20 Mass.App.Ct. 594, 598 (1985) (“[N]o provisional promotion, on the municipal level, can be made without express authorization from the administrator”). Rather, as the Mayor submits, the DPA has the authority to review the qualifications of the persons proposed for the provisional promotion and may withhold its approval if it is shown that a candidate’s record is questionable.[5] Under G.L.c. 31, §15, however, the administrator cannot compel the appointing authority to provide reasons for not appointing a candidate on an established list.
Kelleher asserts that such an interpretation, which allows the Mayor to refuse to consider an eligible candidate on an established civil service list, violates his right to due process. The court recognizes that “those people who score highest on the civil service exams, while not statutorily guaranteed of an appointment or promotion, nevertheless secure a position on certification lists such that they gain a reasonable expectancy that if an appointment or promotion is available, someone on the certification list will be selected.” Lavash v. Kountze, 473 F.Supp. 868 (1979). However, a plaintiff does not have a property interest in a promotion or appointment, merely because his *41 name is on a civil service list. Burns v. Sullivan, 473 F.Supp. 626 (1979),. “Moreover, individuals do not have a vested right in their particular positions on the eligibility list once it is established.” Callanan v. Personnel Administrator for the Commonwealth, 400 Mass. 597, 601 (1987), citing G.L.c. 31, §23; see also Lavash, supra at 870, citing Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 313 (1976) (“Public employment has been specifically rejected by the Supreme Court as a fundamental right"). Thus, Kelleher’s contention that his constitutional rights will be violated if the appointing authority is allowed to promote another individual to the position of provisional Chief Engineer without providing “sound and sufficient reasons” for refusing to appoint Kelleher is without support in the law.
Kelleher finally contends that allowing the Mayor to disregard a short list of less than three candidates opens the door to favoritism and arbitrary and capricious acts. “An important purpose of the civil service system is ‘assuring that all employees are protected against coercion for political purposes, and are protected from arbitrary and capricious actions.’ ” Callanan v. Personnel Administrator for the Commonwealth, 400 Mass. 597, 600 (1987), quoting G.L.c. 31, §1, fourth par. (f). The court must express its concern that the provisional promotion in this case is being used to circumvent the requirements of the civil service law.[6] Nonetheless, G.L.c. 31 is wrought with provisions which allow the appointing authority to provisionally appoint or promote its own candidate when the established civil service list contains less than three candidates. See G.L.c. 31, §§12, 15, and 27. G.L.c. 31, §27, which governs permanent appointments and promotions, states in relevant part,
Except as provided otherwise by section fifteen, if the administrator certifies from an eligible list the names of three persons who are qualified for and willing to accept appointment, the appointing authority, pursuant to the civil service law and rules, may appoint only from among such persons. If such eligible list contains the names of fewer than three such persons, the appointing authority may appoint from among those persons or may request authorization to make a provisional appointment pursuant to sections twelve, thirteen and fourteen.
(Emphasis added.)
The court recognizes that, under the current civil service scheme, those individuals on short lists do not receive the same consideration and treatment as those on a list of three or more. Indeed, under G.L.c. 31, §27, an appointing authority must appoint an individual from a list of three or more if the individuals “are qualified for and willing to accept appointment,” while G.L.c. 31, §15 grants an appointing authority a “loophole” to bypass candidates on a short list without cause. Moreover, the court acknowledges that Kelleher, on three different occasions, has topped a list which, through no fault of his own, has contained less than three names. The court is certainly diagramed with the Mayor’s refusal to consider an apparently highly qualified candidate on an established civil service list for the position of Chief Engineer.
However, while the court recognizes the inequities inherent in current civil service legislation, it is nonetheless required to uphold the law as enacted. “Any hardship or inequitable treatment caused by a statute may be considered only where the construction of the statute is doubtful and cannot be used to derogate legislative intent which has been clearly expressed.” Larkin v. Charleston Savings Bank, 7 Mass.App.Ct. 178, 183 (1979), citing Tilton v. Haverhill, 311 Mass. 572, 578 (1942). Therefore, the court declares that, pursuant to G.L.c. 31, §15, the Mayor need not submit “sound and sufficient reasons” to the administrator for his refusal to promote from an established civil service list, and his decision, instead, to provisionally promote his own candidate. The administrator may, after a review of the qualifications of the Mayor’s proposed candidate, approve or disapprove the provisional promotion.
Because the Mayor is not required to submit his reasons for refusing to appoint from the 1992 list to either the DPA or to Kelleher and, because G.L.c. 31, §25[7] reflects “the preference for the establishment Of new lists,” the court must also vacate its Order enjoining the establishment of the new 1994 list. Callanan, supra at 602. “Nothing in [G.L.c. 31, §25] indicates that a court may extend a list to provide members of the old list consideration for all promotions which might have become available before the list’s statutorily-prescribed expiration.” Id. The current legislation, unsatisfactory as it is, sanctions the Mayor’s refusal to permanently promote or appoint a Fire Chief until he is presented with a list of three candidates. The court notes, however, that the circumstances of this case provide a powerful example of the need for legislative reform in this area.
ORDER
For the foregoing reasons, the Order of this Court dated October 12, 1994 is VACATED, and it is hereby ORDERED and DECLARED that,
(1) Under G.L.c. 31, §15, the appointing authority is not required to provide the Department of Personnel Administration with “sound and sufficient reasons” for making a provisional promotion of a civil service employee in one title to the next higher title in the same department if the established list contains the names of less than three persons eligible for and willing to accept employment.
(2) Under G.L.c. 31, §15, the Personnel Administrator has discretion to approve or to disapprove the proposed candidate based on his or her qualification for the position.

 Kelleher withdrew his Civil Service appeal on October 28, *42 1994 because the DPA had taken overt action to seek to ensure that the list is addressed.

In his letter of September 16, 1994, Dumont stated in relevant part,
... I do not dispute your statement that language regarding [sound and sufficient reasons] is not specifically included in Section 15 of Chapter 31 of the Massachusetts General Laws. Please note, however, that in my August 31, 1994 letter to you, I stated that as part of our reviewing a request from an appointing authority to make a provisional promotion when the eligible list contains the names of less than three persons eligible and willing to accept employment, we require the appointing authority to provide sound and sufficient reasons for not promoting from the eligible list. I remind you that all provisional employment must be approved by the Personnel Administrator.
(Ex. M to Agreed Statement of Facts.)

Kelleher is the only eligible candidate on this established list.

See G.L.c. 31, §12, supra. The second paragraph of G.L.c. 31, §27 provides in relevant part,
If an appointing authority makes an original or promotional appointment from a certification of any qualified person other than the qualified person whose name appears highest, and the person whose name is highest is willing to accept such appointment, the appointing authority shall immediately file with the administrator a written statement of his reasons for appointing the person whose name was not highest.
(Emphasis added.)

Kelleher asserts that in Mayor of Revere v. Civil Service Commission, 31 Mass.App.Ct. 315 (1991), the Appeals Court sanctioned the use of the “sound and sufficient reasons” standard by the administrator when exercising his discretionary authority under G.L.c. 31, §15. However, this case was explicitly decided under G.L.c. 31, §§12 and 27, which both require reasons for not appointing an eligible candidate from a short list. While the court referred to G.L.c. 31, §15 in a footnote, it is unclear from the opinion whether or not the Mayor’s proposed candidates held the next highest title. As previously discussed, if the appointing authority’s candidates do not hold the next highest title, G.L.c. 31, §15 requires the appointing authority to give the administrator “sound and sufficient” reasons for refusing to promote from a certified list.

This concern appears warranted in light of the Mayor’s various attempts to remove the position of Fire Chief from the civil service system.

G.L.c. 31, §25 provides in relevant part,
Persons on an eligible list shall be eligible for certification from such list for such period as the administrator shall determine, but in any event not to exceed two years, unless one of the following exceptions applies: (1) such eligibility is extended by law because such persons are in the military or naval service; (2) the administrator is temporarily enjoined by a court order from certifying names from an eligible list, in which case eligibility of persons on such list shall be extended for a period equal to the duration of such order; or (3) no new list is established, in which case eligibility of all persons on such list shall be extended until a new list is established for the same position for which the original list was established.