Fremont-Smith, J.
The plaintiff, David M. Thomas, seeks judicial review under M.G.L.c. 30A, §14, of a decision made by the Massachusetts Civil Service Commission (“the Commission”). The Commission denied Thomas’ request to reconsider and revoke the revival of a promotional list certified to the Town of West Springfield (“the Town”) for the promotion of two Deputy Fire Chiefs, which had the effect of passing him over for promotion to the position. For the following reasons, the decision of the Commission is VACATED.
BACKGROUND
On February 8, 1993, the Department of Personnel Administration (“DPA”) issued a certification to the Town to fill one Deputy Fire Chief position from names generated from a 1991 DPA list. Louis LaMothe was first on the list and Robert Page was second. The Board of Selectmen of the Town bypassed LaMothe for the position, appointing Page, and LaMothe appealed the promotion. In a February 16, 1994 decision, the Commission disallowed the appointment of Page and ordered the Town to redo the appointment process, effectively giving the promotion to LaMothe. The Town appealed the Commission’s decision to the Superior Court, Hampden County, in Lyons v. Civil Service Commission, Civil Action No. 94-343.
Meanwhile, on February 9, 1994, the DPA had notified the Town that the 1991 Deputy Fire Chief list would expire on July 1, 1994. On March 10, 1994, the Town appealed the Commission’s order to the Superior Court, and held a new Deputy Fire Chief exam on March 25, 1994, shortly after the Superior Court (Rup, J.), on March 17, 1994, had enjoined enforcement of the decision of the Commission and ordered the DPA not to revoke the 1991 list pending final judgment on the appeal. As noted below, the plaintiffs score on the March 25, 1994 exam placed him first on the list which ultimately issued in 1995.
On February 17, 1995, the Superior Court (Rup, J.) issued a Memorandum and Order in Lyons, in which it affirmed the Commission’s decision of February 16, 1994 requiring that the Town redo the appointment process. In a Supplemental decision dated April 19, 1995, the Commission revived the list “for the purpose of making a selection.” (A.R. at 47). This Supplemental Decision was later revoked, however, on the grounds that it was premature, as the Superior Court had only issued a Memorandum and Order, but not a final judgment.
On May 31, 1995, the Superior Court issued a final judgment in Lyons, affirming the decision of the Commission. Subsequently, on June 5, 1995, the DPA again requested the Commission to grant relief pursuant to c. 534 of the Acts of 1976, as amended, in order to implement the Court’s decision. In this request, however, the DPA asked that the 1991 list be revived by the Commission for not one, but two appointments, so as to effectively bypass the March 25, 1994 exam. The second vacancy, first announced by the Town in March of 1995, resulted from the retirement of a deputy fire chief scheduled for July 8, 1995. This request was granted by the Commission in a second Supplemental Decision dated June 16,1995, and both LaMothe and Page were appointed to Deputy Fire Chief positions, bypassing the plaintiff.
On August 10, 1995, Thomas requested that the DPA investigate the process under which the 1991 list was revived, in view of the 1994 exam and forthcoming list which, at that time, still had not yet been issued. When the new list finally issued on August 17, 1995, Thomas had the highest score and was named first, but the DPA refused Thomas’ request for appointment on September 14, 1995, and the Commission denied his appeal on October 28, 1996.
*447 At issue here is whether the Commission erred in refusing to revoke its second Supplemental Decision of June 16, 1995, insofar as it revived the 1991 list for the purpose of making two appointments, rather than for the purpose of making only the one appointment that was the subject of the Lyons litigation.
DISCUSSION
In reviewing a state administrative agency’s decision under M.G.L.c. 30A, the court may either affirm, remand, set aside or modify the agency’s decision, “if it determines that the substantial rights of any party may have been prejudiced because the agency decision is:
(a) in violation of constitutional provisions; or
(b) in excess of the statutory authority or jurisdiction of the agency; or
(c) based upon an error of law; or
(d) made upon unlawful procedure; or
(e) unsupported by substantial evidence; or
(f) unwarranted by facts found by the court on the record as submitted or as amplified under paragraph (6) of this section . . . ; or
(g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."
G.L.c. 30A, Sec. 14(7) (a)-(g).
The party appealing an administrative decision bears the burden of demonstrating that the decision is invalid. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965). In reviewing an agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by' statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988); Quincy City Hosp. v. Labor Relations Comm’n, 400 Mass. 745, 748-49 (1987). The reviewing court may not substitute its judgment for that of the agency, Southern Worchester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n, 372 Mass. 152, 154 (1977), nor may it displace an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982).
Thomas claims that the Commission erred (1) in making its second Supplemental Decision of June 16, 1995, which allowed the Town to appoint two Deputy Fire Chiefs from the 1991 list rather than one and (2) in refusing to reconsider and revoke this Supplemental Decision in its decision of October 28, 1996.
M.G.L. 31, §25 provides in part:
Persons on an eligible list shall be eligible for certification from such list for such period as the administrator shall determine, but in any event not to exceed two years, unless ... (2) the administrator is temporarily enjoined by a court order from certifying names from an eligible list, in which case eligibility of persons on such list shall be extended for a period equal to the duration of such order; or (3) no new list is established, in which case, eligibility of all persons on such list shall be extended until a new list was established; provided, however, that the administrator may revoke the eligibility of the entire list or of any person on such list subsequent to said two year period if he shall determine that effective maintenance of the merit system so requires such revocation .. .
As Page was appointed more than two years after the 1991 list was effective and after the preliminary injunction expired on May 31, 1995, and no new list was established until August 17, 1995, after Page’s appointment, the question is whether the 1991 list remained in effect under §25(3), or whether it was effectively revoked on July 1, 1994 or at least no later than March 3, 1995 (when the Superior Court’s decision in Lyons was entered) or on May 31, 1995, when final judgment was entered in Lyons. The Court concludes that, at the time of Page’s appointment in June, 1995, the 1991 list was no longer effective.
In the circumstances here, it is clear that, pursuant to c. 31, §25, the 1991 list had expired when Page was appointed. It had been in existence for over two years and, although no new list had been established, it had been specifically revoked by the Personnel Administrator of the Commonwealth, as of July 1, 1994. As noted in Callanan v. Personnel Administrator of the Commonwealth, 400 Mass. 597, 602 (1987), the administrator’s determination is entitled to respect, and “nothing [in c. 31, §25] indicates that a court may extend a list to provide the members of the old list consideration for all promotions that might have become available before the list’s statutorily-prescribed expiration.” Here, moreover, the Court’s preliminary injunction had expired at the time of its final judgment, before the appointment of Page, and was, in any event, intended to implement the Commission’s initial decision, which ordered the 1991 list revived “for the purpose of making a selection” (emphasis added), and not for the purpose of two selections (which was not even an issue before the court in Lyons).
In the circumstances, moreover, the Commission’s action in reviving the 1991 list to make two appointments cannot be justified on the basis of Chapter 534 of the Acts of 1976, which states:
If the rights of any person acquired under the provisions of chapter thirty-one of the General Laws or *448 under any rule made thereunder have been prejudiced through no fault of his own, the civil service commission may take such action as will restore or protect such rights, notwithstanding the failure of any person to comply with any requirement of said chapter thirty-one or any such rule as a precedent to the restoration or protection of such rights.
Here, as discussed above, Page had no rights which were “prejudiced through no fault of his own” at the time of his appointment. Rather, it was the plaintiffs rights which were prejudiced by the defendant’s illegal actions.
ORDER
For the foregoing reasons, it is hereby ORDERED that final judgment shall enter for the plaintiff. It is further ordered that the Second Supplemental Decision of the Civil Service Commission and the Town’s appointment of Robert J. Page as Deputy Fire Chief be vacated, and the defendants are ordered to fill the position, wrongfully occupied by Robert J. Page, from the 1995 promotion list.