**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4619-17T3

IN THE MATTER OF
DANIEL COLLINS,
DEPUTY FIRE CHIEF (PM0130V),
CLIFTON

_____

Submitted September 11, 2019 – Decided September 19, 2019

Before Judges Haas and Mayer.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-187.

Weiner Law Group LLP, attorneys for appellant Daniel Collins (Joshua I. Savitz, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Steven Michael Gleeson, Deputy Attorney General, on the brief).

PER CURIAM

Daniel Collins appeals from a May 2, 2018 final decision of the Civil Service Commission (Commission) denying his appeal and finding the

promotional examination for the Deputy Fire Chief position in the City of Clifton was properly scored. We affirm.

Collins sat for a promotional examination to become the Deputy Fire Chief. He passed the examination and ranked fourth on the list of eligible candidates for the position. Based on his ranking, Collins challenged the scoring of the examination.

Questions for the promotional examination covered various topic areas. The candidates' responses to the questions were evaluated based on scoring criteria developed by an expert panel. Specifically, Collins challenged the scoring of candidates' responses to the examination question related to "Incident Command – Non-fire scenario."

The scenario for this question involved a freight train derailment, leaking flammable chemicals in a location with residential and commercial uses. In response to this question, Collins indicated the area should be evacuated. His answer received partial credit as a correct response. However, the Commission noted Collins' answer failed to include establishing monitoring stations, which was an additional action required in response to the question.

In his appeal to the Commission, Collins contended the removal of railroad workers in the area, one of the answers he supplied in response to the

question, should have been deemed a mandatory response. He requested the responses given by the other candidates be reviewed to ensure each candidate provided the required mandatory responses. Collins cited a promotional examination issued in Irvington, involving a similar factual scenario as depicted in the Clifton examination, which found the response to evacuate the area not sufficiently specific to receive full credit as a correct mandatory response.

In rejecting Collins' argument, the Commission explained, "Each examination is separate, and the scoring criteria for one examination cannot be used to score a different examination. It is simply not psychometrically appropriate to score candidates for an examination using the scoring criteria for a different examination." In addition, the Commission noted the factual scenario in the Irvington promotional examination was different from the scenario presented in the Clifton promotional examination and thus the mandatory responses to the examination questions were not interchangeable. Therefore, the Commission declined to rescore the examination responses and denied Collins' appeal.

On appeal, Collins raises the following arguments:

POINT I

> THE CIVIL SERVICE COMMISSION'S FINAL
> ADMINISTRATIVE ACTION SHOULD BE

3

REVERSED UNDER THE APPLICABLE STANDARD OF APPELLATE REVIEW.

POINT II

THE CIVIL SERVICE COMMISSION'S DECISION SHOULD BE REVERSED BECAUSE IT WAS ARBITRARY, CAPRICIOUS, UNREASONABLE AND/OR LACKING IN FACTUAL BASIS.

Our review of a final agency decision is limited. Stein v. Dep't of Law & Pub. Safety, 458 N.J. Super. 91, 99 (App. Div. 2019) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). We will affirm an agency's final action unless the decision is arbitrary, capricious, unreasonable, or lacks fair support in the record as a whole. J.B. v. N.J. State Parole Bd., 229 N.J. 21, 43 (2017) (quoting In re Hermann, 192 N.J. 19, 27-28 (2007)). A strong presumption of reasonableness attaches to final agency decisions. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001). Moreover, a court is "oblig[ated] to give due deference to the view of those charged with the responsibility of implementing legislative programs." In re Reallocation of Prob. Officer, 441 N.J. Super. 434, 444 (App. Div. 2015) (quoting In re N.J. Pinelands Comm'n Resol. PC4-00-89, 356 N.J. Super. 363, 372 (App. Div. 2003)).

We affirm for the reasons expressed in the May 2, 2018 Commission decision. The Commission's findings are supported by the record and are

A-4619-17T3

entitled to our deference. The Commission's determination regarding acceptable mandatory responses for the promotional examination was not arbitrary, capricious, or unreasonable. We add only the following comment.

Pursuant to the Civil Service Act, N.J.S.A. 11A:1-1 to 12-6 (Act), the Commission has the power to "devise a fair, secure, merit-based testing process by which candidates are selected for employment and promotion." Brady v. Dep't of Personnel, 149 N.J. 244, 254 (1997). The Commission is charged with the "administration of examinations which shall test fairly the knowledge, skills and abilities required to satisfactorily perform the duties of a title or group of titles." N.J.S.A. 11A:4-1. Courts have a "limited role in reviewing the [Commission's] determinations regarding civil-service testing processes." In re Police Sergeant (PM3776V) City of Paterson, 176 N.J. 49, 58 (2003). "[C]ourts will defer to an agency's grading of a civil-service examination except in the most exceptional of circumstances that disclose a clear abuse of discretion." Brady, 149 N.J. at 258. We "conduct only a limited review of the reasonableness of a grading system and determine simply whether the testing and grading were clearly arbitrary." Ibid. A reviewing court should not "routinely review the contents of civil-service examinations and answers" to determine "whether the

A-4619-17T3

questions were 'well or poorly answered.'" Ibid. (quoting Lavash v. Kountze, 604 F.2d 103 (1st Cir.), aff'g, 473 F.Supp. 868 (D. Mass 1979)).

We are satisfied that the Commission's administration of the promotional examination in this case comported with the requirements of the Act and Collins failed to demonstrate that the testing process was arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4619-17T3